IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AKH COMPANY, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 13-2003-JAR |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This case comes before the Court on Defendant/Counter-Claimant Universal Underwriters Insurance Company's Motion to Transfer Venue to the Central District of California (Doc. 18). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained in detail below, the Court denies Defendant's motion.

**I.  Background**

This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action against AKH which UUIC defended and settled under a reservation of rights. AKH is a California corporation with its principal place of business in California. It sells and installs tires through its retail garages and internet website under the name "Discount Tire Centers." In May of 2010, The Reinalt-Thomas Corporation dba Discount Tire filed a civil action against AKH in the District of Arizona, alleging that AKH infringed upon and diluted its trademark under state and federal law. AKH in turn filed its own civil action against Reinalt-Thomas in the Central District of California and successfully moved to transfer venue of the first action to the Central District of

1

California. The two lawsuits were consolidated ("the R-T lawsuits") and ultimately settled in December of 2012.[1] UUIC insured AKH under a series of annual liability insurance policies from 2007 to 2013. In December of 2011, AKH notified UUIC of th R-T lawsuits and tendered the claims against AKH for a defense. UUIC accepted AKH's tender of defense of the R-T lawsuit under a reservation of rights.

In this case, AKH seeks declaratory relief that UUIC breached its duties to defend, settle, and act fairly and in good faith. UUIC brings counterclaims for declaratory relief and breach of contract arising out of its defense and settlement of the R-T lawsuits.

The parties dispute whether UUIC is an Illinois or Kansas corporation with its principal place of business in the same state. UUIC asserts that it is an Illinois corporation with its principal place of business in Schaumburg, Illinois. AKH challenges those assertions, stating that UUIC has done nothing more than obtain permission from the Kansas Commissioner of Insurance to redomesticate itself as an Illinois insurer effective as of December 31, 2012, and that obtaining regulatory oversight beginning in 2013 from the Illinois Department of Insurance has no bearing on UUIC's corporate citizenship or on this lawsuit. Furthermore, AKH asserts that the Secretaries of State of both Illinois and Kansas still list UUIC as a Kansas corporation with its principal office in Kansas. UUIC contends that the records of the Secretaries of State are of no import because insurance companies are subject to the exclusive regulation and supervision of the Department of Insurance. UUIC

---

[1] UUIC has filed a request pursuant to Fed. R. Evid. 201 that the Court take judicial notice of certain records from the R-T lawsuits, including: (1) AKH's motion to transfer venue; (2) declaration of Hratch Andonian in support of that motion; and (3) order granting AKH's motion to transfer venue. (Doc. 19). AKH does not oppose UUIC's request. Pursuant to Fed. R. Evid. 201(b)(2), the Court can take judicial notice of the contents of court records from another jurisdiction, including briefs and petitions of the parties. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 890 n. 4 (3d Cir. 1975). Accordingly, the Court grants UUIC's request.

submits that its principal place of business since at least 2007 has been and is Schaumburg, Illinois, but it does not deny that it maintains an office in Overland Park, Kansas.

This Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332.

While the parties agree that venue is proper in this district pursuant to 28 U.S.C. § 1391, UUIC denies that this venue is convenient. UUIC has filed a motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404 for the convenience of the parties and the witnesses and in the interest of justice.

**II.     Discussion**

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness.[2] As UUIC concedes, the party proposing a particular forum has the burden of proving that plaintiff's chosen forum is inconvenient.[3] Unless the evidence is strongly in favor of the movant, plaintiff's choice of forum should rarely be disturbed.[4] In other words, a court should deny a request for transfer if the result is that the burden of an inconvenient venue would merely shift from one party to another.[5]

In determining whether transfer is appropriate under Section 1404(a), the Court should

---

[2]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[3]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[4]*Id.*

[5]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

3

consider the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, the cost of making the necessary proof, questions as to the enforceability of a judgment if one is obtained and relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[6] The Court examines each in turn.

### *Plaintiff's Choice of Forum*

Courts generally hold that the plaintiff's choice of forum weighs against transfer.[7] "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed."[8] Courts give less deference to the plaintiff's choice, however, if plaintiff does not reside in the district.[9] Here, Plaintiff is not a resident of Kansas. It is a California corporation with its principal place of business in California. Thus, although the Court must give deference to Plaintiff's forum choice, the weight of such choice is somewhat diminished because Plaintiff does not reside in Kansas.

Moreover, "[c]ourts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen

---

[6]*Chrysler Credit Corp.*, 928 F.2d at 1515-16 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[7]*Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F. Supp. 2d 569, 572 (D. Kan. 2000).

[8]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[9]*Amwest Sur. Ins. Co. v. Guarantee Elec. Constr. Co.*, No. 00-2196, 2000 WL 1310512, at *4 (D. Kan. Aug. 21, 2000).

forum.'"[10] Defendant asserts that nearly all of the operative facts underlying the complaint and counterclaim occurred in the Central District of California, with the only significant contact in Kansas being Stephanie Cole, a UUIC employee who works in its Kansas office. Plaintiff, however, contends that Kansas has a significant connection and material relation in this coverage case because: (1) UUIC is a citizen of Kansas; (2) the insurance contract was made in Kansas; and (3) Stephanie Cole is the UUIC employee who processed AKH's claim under the policies and supervised UUIC's defense.

The parties devote much space in their respective briefs to their disagreement as to whether UUIC is a Kansas or Illinois corporation. A careful reading of UUIC's supporting documents and the relevant state statutes leads the Court to conclude that UUIC is a Kansas corporation, its reference to its relationship to the state of Illinois is a red herring, and its purported evidence does not advance its argument that this case should be transferred to the Central District of California. The Court first notes the various ways in which UUIC describes itself.

> "UUIC is an Illinois corporation (Declaration of Ella Liberman, ¶¶ 2-3, and Exhibits A and B)."[11]
>
> "AKH alleges it chose this forum because it believed UUIC was domiciled in Kansas."[12]
>
> "UUIC is a resident of Kansas and California."[13]
>
> "UUIC does not believe that Kansas has an interest in this dispute because neither

---

[10]*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

[11]Doc. 18 at 8. UUIC repeats the statement that it is an Illinois corporation, *id.* at 11, 12.

[12]*Id.* at 9.

[13]*Id.* at 16.

party is a Kansas corporation."[14]

"Neither AKH nor UUIC have significant contacts with Kansas."[15]

"UUIC is an Illinois corporation."[16]

"ZAIC's Assistant General Counsel Ella Liberman testifies that UUIC is an Illinois corporation."[17]

"[N]either party is a Kansas corporation."[18]

"The Illinois Department of Insurance's approved Articles of Reorganization of UUIC conclusively establishes that UUIC became an Illinois corporation on December 19, 2012."[19]

"[T]he Kansas Secretary of State website now shows that UUIC has 'redomesticated out' of Kansas."[20]

"AKH also asserts that a printout from the Illinois Secretary of State shows no record of UUIC as an Illinois corporation. This is likewise irrelevant. As an insurance company, UUIC is required to register with, and is subject to the exclusive regulation and supervision of, the Department of Insurance, not the Secretary of State."[21]

"What is relevant is that the Illinois Department of Insurance recognizes that UUIC is an Illinois corporation with its principal place of business in Schaumburg, Illinois."[22]

With respect to Plaintiff's characterization of UUIC, Plaintiff does not allege in its complaint

---

[14]*Id*. at 19.

[15]*Id*. at 21.

[16]Doc. 32 at 4.

[17]*Id.* at 5.

[18]*Id.*

[19]*Id.* at 21.

[20]*Id*. at 22.

[21]*Id.* (citation omitted).

[22]*Id.* at 23.

that UUIC is "domiciled" in Kansas. Rather, Plaintiff states that "Universal is a Kansas corporation with its principal place of business in Overland Park, Kansas."[23] In its answer, UUIC denies that statement but admits that "venue is proper in the United States District Court for the District of Kansas because UUIC is subject to personal jurisdiction in this District."[24] UUIC's admission is significant because being subject to personal jurisdiction in Kansas has additional meaning for a corporation's amenability to suit. The general venue statute, 28 U.S.C. § 1391, applies in this case. Section 1391 states in relevant part:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides . . .;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[25]

The statute also defines corporate "residency" as follows:

> For all venue purposes –
> . . .
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .[26]

---

[23] Doc. 1 at ¶ 2. The parties also disagree as to whether UUIC's principal place of business is in Kansas or Illinois, but the Court need not resolve that issue.

[24] Doc. 31 at ¶¶ 2, 5.

[25] 28 U.S.C. § 1391(b).

[26] 28 U.S.C. § 1391(c)(2).

By admitting that personal jurisdiction is proper in the District of Kansas, UUIC thereby acknowledges that it is a "resident" of Kansas as that word is defined in Section 1391. UUIC does not contend that venue does not lie in this district. Instead, by filing a motion pursuant to 28 U.S.C. § 1404, UUIC asserts that the Central District of California would be more convenient to the parties and witnesses. Given UUIC's admission and the Court's findings below, it is clear that UUIC's relationship to the state of Illinois has no relevance to the instant motion.

Even if it were relevant, UUIC has not provided evidence to support its assertion that it is an Illinois corporation. The documents which accompany Ella Liberman's affidavit indicate that UUIC has been redomesticated in Illinois.[27] Under Illinois insurance law, the effect of such reorganization is that UUIC is subject to regulation and supervision by the Illinois Department of Insurance, and "shall continue in existence as, and thereafter be, a company of this State."[28] Under Kansas insurance law, the effect of such reorganization is that UUIC became domiciled in Illinois and is now classified as a foreign insurer in Kansas.[29] This change in nomenclature is limited to UUIC's status with respect to the states' respective departments of insurance. It does not change UUIC's state of incorporation. UUIC is incorporated under the laws of Kansas and had been domiciled in Kansas for purposes of insurance regulation. Under the following Kansas statute, a change in domicile is not synonymous with a change in state of incorporation:

> "The certificate of authority [and other matters] that are in existence at the time an insurer licensed to transact the business of insurance in this state transfers the insurer's corporate domicile to this or any other state . . . shall continue in full force and effect upon transfer if the insurer remains duly qualified to transact the business

---

[27]See K.S.A. § 40-2,162.

[28]215 Ill. Comp. Stat. 5/185.1.

[29]See K.S.A. § 40-2,162(c); Order of Redomestication, Doc. 18-5 at 6-9.

of insurance in this state. <u>For purposes of existing authorizations and all other corporate purposes, the insurer . . . is deemed the same entity as it was prior to the transfer of its domicile</u>.[30]

UUIC does not deny that it remains duly qualified to transact the business of insurance in Kansas. According to Plaintiff's evidence, the Kansas Secretary of State continues to identify UUIC as a Kansas corporation. The Illinois Secretary of State does not list UUIC as an Illinois corporation, as it could not; the Illinois Department of Insurance has merely exercised its authority to allow UUIC to transact business as an Illinois company under the Illinois Insurance Code.[31]

Although decided in the related context of federal court jurisdiction rather than venue, a line of Supreme Court cases concludes that a corporation does not change its state of incorporation through the act of redomesticating. The Supreme Court first drew a line between the two in an 1896 case deciding whether a foreign railroad corporation that takes advantage of a state's domestication statute thereby becomes a citizen of that state for diversity jurisdiction purposes. In *St. Louis & San Francisco Railway v. James*,[32] a Missouri citizen sued a railroad incorporated in Missouri in an Arkansas federal court, alleging that its redomestication under Arkansas law made the railroad a citizen of Arkansas for diversity purposes. The Supreme Court held to the contrary, stating that the Arkansas redomestication statute did not "create an Arkansas corporation out of a foreign corporation in such a sense as to make it a citizen of Arkansas within the meaning of the federal

---

[30]K.S.A. § 40-2,162(d) (emphasis added).

[31]*See* Doc. 18-5 at 11.

[32]161 U.S. 545 (1896). A discussion of this case, the following two Supreme Court cases, and legislative history of the federal diversity statute is found in *Union Pacific Railroad Company v. 174 Acres of Land Located in Crittenden County, Arkansas*, 193 F.3d 944 (8th Cir. 1999).

constitution."[33] Three years later, the Supreme Court held that a railroad incorporated in Indiana and domesticated in Kentucky remained a citizen of Indiana for diversity purposes.[34] And finally, in 1903, the Supreme Court stated the following in a personal injury action removed from a North Carolina state court against a railroad incorporated in Virginia and domesticated in North Carolina:

> [A] corporation may be made what is termed a domestic corporation . . . of a state in compliance with the legislation thereof . . . . It does not thereby become a citizen of the state in which a copy of the charter is filed, so far as to affect the jurisdiction of the Federal courts upon a question of diverse citizenship.[35]

These cases predate the 1958 amendments to 28 U.S.C. § 1332, the federal diversity statute, which added subsection (c) to define a corporation's citizenship to include both the state in which it has its principal place of business and "any State by which it has been incorporated." Yet this statutory expansion still does not validate UUIC's assertion that it is an Illinois corporation, as the legislative history from the amendments includes the following explanation of the impact of its principal-place-of-business addition:

> This will eliminate [diversity jurisdiction for] those corporations doing a local business with a foreign charter but will not eliminate those corporations which do business over a large number of States, such as the railroads, *insurance companies,* and other corporations whose businesses are not localized in one particular State.[36]

---

[33]*Id.* at 565. *See also United Transit Co. v. United States*, 158 F. Supp. 856, 857-58 (M.D. Tenn. 1957) (Delaware is appropriate venue under 28 U.S.C. § 1402(a), which designates judicial district where plaintiff resides as only appropriate district in which to bring action against United States for Section 1346(a) claim, where plaintiff is incorporated in Delaware but domesticated in Tennessee).

[34]*Louisville, New Albany & Chicago Ry. v. Louisville Trust Co.,* 174 U.S. 552 (1899).

[35]*S. Ry. Co. v. Allison*, 190 U.S. 326, 337 (1903).

[36]S. Rep. No. 85-1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3101-02 (emphasis added). The Court is aware of one district court that does not agree with its interpretation of congressional intent or find the Supreme Court cases as informative. *See SAU #59, Winnisquam Reg'l Sch. Dist. v. Lexington Ins. Co.*, No. 09-cv-168, 2009 WL 3300147, at *1 (D.N.H. Oct. 13, 2009) (construing New Hampshire insurance statute, court holds that redomestication of New Hampshire corporation in Pennsylvania transfers its place of incorporation to Pennsylvania for purposes of 28 U.S.C. § 1332(c)(1)). Perhaps this is because New Hampshire statutes apparently do not include an analog to K.S.A.
(continued...)

UUIC remains a Kansas corporation.[37] The company's residency is one of its significant contacts with Kansas. Another significant contact is Stephanie Cole, whom UUIC admits resides in Kansas. Cole drafted UUIC's original reservation of rights letter and handled virtually all of the claims handling and supervision of the underlying lawsuit. Plaintiff asserts that it dealt with no other UUIC employee throughout the course of the underlying case or later. Plaintiff asserts that the insurance contract was made in Kansas, while UUIC contends it was created in California. Although the Court is inclined to agree with Plaintiff based on the facts the parties have presented, the Court need not decide that issue for purposes of this motion because nearly all of the other factors relevant to Plaintiff's choice of forum fall on one side. The factor of Plaintiff's choice of forum weighs against transferring the action.

*Accessibility of Witnesses and Other Sources of Proof*

The accessibility of witnesses, both party and non-party, is an important factor in a Section 1404(a) analysis. In this circuit, the convenience of witnesses is the single most important factor

---

[36](...continued)
§ 40-2,162(d), which states that a Kansas insurer which moves its domicile to another state remains the same corporate entity. *See* K.S.A. § 40-2,162(d) ("For purposes of existing authorizations and all other corporate purposes, the insurer . . . is deemed the same entity as it was prior to the transfer of its domicile.").

[37]The Court notes that UUIC's motion and reply brief cite appended declarations of an assistant general counsel for UUIC's parent company as support for its assertion that it is an Illinois corporation. Although she provides detailed descriptions of UUIC's business records and the company's redomestication, transfer of domicile, and reorganization, she does not state in her declarations that UUIC is an Illinois corporation. The Court cautions counsel against attributing this factual statement to a witness who did not make it, particularly where the statement is legally significant and the witness is a lawyer who presumably would have explicitly made the statement if she believed it to be true. However, the Court also notes that the witness, Ella Liberman, makes seemingly contradictory statements as between her declarations. In the first, she states that "UUIC's principal place of business was and has always been 1400 American Lane, Schaumburg, Illinois." Doc. 18-5 at 4. In her supplemental declaration, she does not use the phrase "principal place of business," but she states that UUIC's headquarters, mailing address, and primary location of its books and records has been in Schaumburg, Illinois since "at least 2007." The Court likewise reminds the witness that she made her declarations "under penalty of perjury." The Court affords UUIC no credibility as to these statements. Any future inaccuracies will result, at the very least, in striking the document that contains it.

in deciding a motion to transfer.[38] The movant has the burden to demonstrate inconvenience by: (1) identifying witnesses and their locations; (2) indicating the materiality of their testimony; and (3) showing that the witnesses are unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.[39] Defendant identifies a number of witnesses who reside in California, including AKH party witnesses, and AKH's outside counsel and two expert witnesses from the underlying action. As to each, however, Defendant states nothing more definitive about the availability of their testimony than "it is unknown whether [the witnesses] would voluntarily agree to provide testimony in Kansas." As such, Defendant does not meet its burden to show inconvenience. Moreover, Plaintiff states in its opposition that the "principal facts about coverage – the policy, the underlying complaint, Universal's promise to defend the suit, and Universal's settlement of the suit – are undisputed."[40] That calls into question the materiality of the purported witnesses' testimony and the likelihood that their testimony would be offered in any manner other than by deposition.

Defendant also asserts that the majority of its relevant books and records are in Illinois. Because Illinois is not the location to which Defendant urges transfer, the location of documents in that state is a non-issue. Even if the documents' location in Illinois was pertinent, Defendant offers no explanation as to why the underlying case materials are relevant to a coverage action, particularly if the principal facts concerning coverage are undisputed. Defendant has not met its burden to show that transfer is necessary for the parties to have access to documentary evidence.

---

[38] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

[39] *Id.*

[40] Doc. 25 at 15.

*Cost of Making Necessary Proof*

Defendant asserts that litigating this case in California would be less expensive than litigating in Kansas because of travel costs for the witnesses and moving costs for documents. Defendant makes this assertion without providing any facts. Defendant's position is totally devoid of evidence of the potential costs of litigating the case in Kansas, and as the Court has noted, Defendant has not demonstrated that the resolution of this case will require that witnesses provide live testimony or that voluminous documents will need to be transported. This factor weighs against transferring venue to the Central District of California.

*Enforceability of Judgment and Advantages and Obstacles to Fair Trial*

Defendant argues that, because AKH is a resident of California, Defendant could easily enforce any judgment it might obtain on its counter-claim. If a judgment were to be entered in Kansas, however, Defendant contends that enforcing it would require additional procedures and expenses. Defendant does not make a similar argument with respect to AKH's claims. Curiously, Defendant states that "UUIC is a resident of Kansas and California,"[41] thereby making enforcement of a judgment against it easy in either state.

The Court considers this factor neutral. Defendant has not shown that a potential enforcement procedure in Kansas would create a significant inconvenience.

Defendant contends that it could be denied a fair trial if it cannot compel the attendance of witnesses or if a Kansas court does not apply California law to interpret the policy. Such speculative grounds are not compelling. Moreover, Defendant has provided no evidence that it will need to compel the attendance of any witness, and the Court is confident in its ability to determine what

---

[41]Doc. 18 at 21.

state's law should apply. Defendant also argues that an advantage for transfer exists because the Central District of California is practiced at interpreting and applying California law. Just as the Court is confident in its ability to determine the correct law, it foresees no difficulty in interpreting that law, no matter which state's law applies. This factor argues against transfer.

*Difficulties That May Arise from Congested Dockets*

The parties agree that this factor is neutral, as the relevant statistics are split between the District of Kansas and the Central District of California. The median times from filing to disposition and from filing to trial in civil matters are shorter in the Central District of California, but the number of pending cases and average weighted filings per judge are both higher in that district. The Court agrees that this factor is neutral.

*Conflict of Laws*

Because this is a diversity action and Kansas is the forum state, the substantive laws of Kansas will apply, including its choice of law rules.[42] Federal courts prefer that such diversity actions be adjudicated by a court sitting in the state that provides the governing substantive law.[43] In terms of its relative importance in deciding a motion to transfer venue, this factor receives less weight because the legal issues in this case appear to be uncomplicated and the Court is qualified to apply relevant state law.[44] If a conflict of laws analysis is necessary, the parties agree that the

---

[42]*Bartile Roofs, Inc.*, 618 F.3d at 1169.

[43]*Id.*

[44]*See id.*

Court should apply the law of the state where the contract is made.[45] They fail to agree on where the insurance contract was made, with Defendant arguing that it was made in California and Plaintiff countering that it was made in Kansas. The Court need not determine whether a conflict of laws analysis is necessary or the result of such analysis on the current record, as this factor does not warrant sufficient weight to alter the ultimate answer on the motion to transfer.

*Advantage of Having Local Court Determine Questions of Local Law*

Defendant has piggy-backed this issue onto other factors and argues repeatedly that California law should apply to the claims and counterclaims in this action. Plaintiff asserts that Kansas law should apply. Because the record evidence on this issue is not sufficiently developed, the Court concludes that this factor has no bearing on the motion to transfer.

*Other Considerations*

Defendant has not identified any new considerations that it has not already raised in connection with other factors.

The Court has considered the pertinent factors and declines to grant Defendant's motion to transfer this case. The Court gives great weight to Plaintiff's choice of forum – Kansas – and is unable to find that any factor weighs in favor of transferring this case to the Central District of California.

**IT IS THEREFORE ORDERED BY THE COURT** that UUIC's Motion to Transfer Venue to the Central District of California (Doc. 18) is denied.

---

[45]Doc. 18 at 24; Doc. 25 at 25. *See Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009) (when question raised by contractual dispute goes to substance of obligation, Kansas courts apply *lex loci contractus,* which calls for application of law of state where contract made; if manner and method of performance is at issue, place of performance likely applies).

Dated: June 14, 2013

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE