UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., | ) |
|     Plaintiff/Counter-Defendant, | ) |
| vs. | ) |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) Case No. 2:13-cv-02003 JAR-KGG |
|     Defendant/Counter-Claimant. | ) |

## MEMORANDUM IN SUPPORT OF UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S MOTION TO BIFURCATE

COMES NOW Defendant/Counter-Claimant Universal Underwriters Insurance Company ("UUIC"), by and through undersigned counsel, and hereby formally moves for an order bifurcating the issue of the choice of law that governs this dispute for discovery pursuant to Fed. R. Civ. P. 26(d) and for trial pursuant to Fed. R. Civ. P. 42.

UUIC previously requested this as an alternative if the Court denied UUIC's motion to transfer venue. (Doc. 35 at 2 *SEALED*.) This request was made in UUIC's reply in support of its motion to stay the deadline to respond to the motion for partial summary judgment ("MPSJ") filed by AKH Company, Inc. ("AKH"). On June 14, 2013, this Court denied UUIC's motion to transfer venue. (Doc. 66.) The Court has not yet ruled on UUIC's motion to stay the response deadline so that discovery could be conducted in this matter. (Doc. 21.)

Nonetheless, so as to not be found to have waived its right to respond while the motion to stay was pending, on April 1, 2013, UUIC filed its Opposition to AKH's

1

MPSJ, reiterating the need for bifurcation of the choice of law issue. (Doc. 44 at 34 *SEALED*.)

I.  **ARGUMENT AND AUTHORITY**

    A.  **Bifurcation of the issue of choice of law will expedite and economize this case.**

A court may order a separate trial of any claim or issue "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b); *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir. 1993) (bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable).

The determination of which state's law applies impacts the entire case and will direct the case down different paths. The primary issue raised in AKH's MPSJ is whether UUIC is entitled to reimbursement of some portion of the millions of dollars it paid for defense and settlement of non-covered claims alleged in the RT Lawsuit. As discussed in UUIC's Opposition to AKH's MPSJ, there is a potential conflict in law regarding UUIC's entitlement to reimbursement. (Doc. 44 at 34-38 *SEALED*.)

It is well established under California law that an insurer is entitled to obtain reimbursement of defense expenses paid for claims that are not potentially covered by its policy, if the insurer reserves its right to do so, even absent an express provision in the policy allowing reimbursement. *Buss v. Superior Court (Transamerica Ins. Co.)*, 16 Cal.4th 35, 61, n. 27 (1997). An insurer is also entitled under California law to obtain reimbursement of a reasonable settlement it paid for non-covered claims. *Blue Ridge Ins.*

*Co. v. Jacobsen*, 25 Cal.4th 489, 503 (2001), opinion after certified question answered, 10 Fed.Appx. 563 (9th Cir. 2001).

Kansas courts have not addressed these issues of the right for reimbursement of defense costs and settlement payments for non-covered claims. At least one U.S. District Court Judge in Kansas assumed that defense costs could be allocated between covered and non-covered claims. *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F.Supp. 1375, 1385 (D. Kan. 1997). No Kansas court has opined on the issue of whether settlement payments can be allocated between covered and non-covered claims.

The determination of which state's law applies will determine the remaining proceedings that will be necessary to resolve this case. Separating this issue for discovery and trial will greatly expedite and economize all future proceedings. If the Court determines that California law applies, the parties have clear guidance regarding the factors to be considered regarding reimbursement and the remaining types of discovery that must be done. On the other hand, if the Court determines that Kansas law applies, the nature and extent of the right of reimbursement will need to be determined, including the possibility of certifying questions to the Kansas Supreme Court pursuant to K.S.A. 60-3201, since no Kansas court has determined what allocation rights may exist under Kansas law.

    **B.**    **Discovery on the place where the insurance contract was made and performed should be bifurcated for the parties' convenience and in the interests of justice.**

The Court may order for the parties' and witnesses' convenience and in the interest of justice that discovery be conducted in a particular sequence. Fed. R. Civ. P.

26(d).  There is likely to be extensive discovery in this case.  This case regards the *extent* of UUIC's duty to defend and settle, not merely the *existence* of such duties.  The determination of the extent of UUIC's duties will necessarily require discovery of what happened and when, and potentially what expenses are therefore reimbursable for non-covered claims.  This is not merely a paper review of the pleadings and the insurance policy to determine whether a duty to defend exists.  (It is undisputed that UUIC defended the RT Lawsuit, so that determination does not need to be made.)

Here, the discussion on the choice of law issue in the parties' briefs on AKH's MPSJ was done without any discovery as to the facts regarding the place where the contract was made and where the contract was performed.  As the Court has pointed out, such facts will be central to the choice of law determination.  (Doc. 66 at 15, n. 45.) UUIC should be given the opportunity to engage in written discovery on AKH and to depose those witnesses for AKH who claim to have knowledge of the place where the contract was made and performed.

It is likely that the choice of law determination will be accomplished through cross-motions for partial summary judgment after the completion of this discovery regarding the place where the contract was made and performed.  UUIC therefore requests staggered discovery and briefing – first on the issue of the place where the insurance contract was made and performed, and second on any remaining issues regarding allocation and the duty to defend and settle.  UUIC will request the same from Magistrate Judge Gale in the Scheduling Order, at the time that Order is prepared.

Bifurcation of discovery for those facts relevant to the choice of law determination

is necessary to avoid discovery that ultimately may be unnecessary depending on the choice of law that is applied. For example, if it is determined that Kansas law applies and that Kansas law does not allow reimbursement for the defense or settlement of non-covered claims, there will be no need for the parties to conduct discovery on the apportionment of defense costs for non-covered claims or the nature and scope of the claims that were resolved by the settlement payments. Without a determination of the choice of law that applies, the parties will have to prepare for two potentially distinct cases – one if California law applies and another if Kansas law applies.

**C.    If the Court does not bifurcate, but makes a determination of the choice of law at issue, UUIC requests the Court make a finding pursuant to 28 U.S.C. section 1292(b).**

The determination of the choice of law is a "controlling question of law as to which there is substantial grounds for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." Therefore, UUIC respectfully requests that if the Court denies UUIC's motion to bifurcate and makes a determination of the choice of law that applies without further discovery, that the Court make a finding pursuant to 28 U.S.C. section 1292(b), so that the Court of Appeals would have discretion to permit an immediate appeal from such an order.

**II.    CONCLUSION**

For all of the foregoing reasons, UUIC requests the Court separate for discovery facts relevant to the place where the contract was made and performed pursuant to Fed. R. Civ. P. 26(d) and separate for trial the determination of the applicable choice of law

pursuant to Fed. R. Civ. P. 42(b).

## REQUEST FOR ORAL ARGUMENT

Pursuant to District of Kansas Rule 7.2, Defendant/Counter-Claimant UUIC requests oral argument on UUIC's Motion to Bifurcate.

DATED: June 20, 2013            Respectfully submitted,

KUTAK ROCK LLP

By: s/ Eric J. Aufdengarten
Bradley J. Baumgart  KS No. 70316
Eric J. Aufdengarten  KS No. 21289
KUTAK ROCK LLP
1010 Grand Boulevard, Suite 500
Kansas City, MO 64106-2220
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
brad.baumgart@kutakrock.com
eric.aufdengarten@kutakrock.com

and

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC

By: s/ Karen L. Bizzini
KAREN L. BIZZINI *Admitted Pro Hac Vice*
SINNOTT, PUEBLA
CAMPAGNE & CURET, APLC
550 South Hope Street, Suite 2350
Los Angeles, CA 90071
(213) 996-4200 (Telephone)
(213) 892-8322 (Facsimile)
kbizzini@spcclaw.com

Attorneys For Defendant/Counter-Claimant
UNIVERSAL UNDERWRITERS
INSURANCE COMPANY

4811-9536-1556.2

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court this 20th day of June, 2013 to:

| | |
|---|---|
| Scott C. Hecht | David A. Gauntlett |
| Brian E. Sobczyk | James A. Lowe |
| Stinson Morrison Hecker LLP | Gauntlett & Associates |
| 1201 Walnut Street, Suite 2900 | 18400 Von Karman, Suite 300 |
| Kansas City, MO 64106 | Irvine, CA 92612 |
| (816) 842-8600 (Telephone) | (949) 553-1010 (Telephone) |
| (816) 691-3495 (Facsimile) | (949) 553-2050 (Facsimile) |
| Email: bsobczyk@stinson.com | Email: info@gauntlettlaw.com |
| Email: schecht@stinson.com | Email: jal@gauntlettlaw.com |

              s/ Eric J. Aufdengarten
              Attorney for Defendant