# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC., )
 )
 Plaintiff, )
 ) Case No. 13-2003-JAR-KGG
v. )
 )
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
 )
 Defendant, )
_____ )

## ORDER ON MOTION FOR PROTECTIVE ORDER
## LIMITING INITIAL DISCOVERY

Now before the Court is the "Motion for Protective Order Limiting Initial Discovery" filed by Plaintiff AKH Company, Inc. (Doc. 82.) Having reviewed the submissions of the parties, this motion is **DENIED**.

The above-captioned matter is a declaratory judgment action based on a dispute concerning insurance coverage. (*See* Doc. 1.) The facts of the case were summarized by District Court in its Order (Doc. 75, sealed) denying Plaintiff's Motion for Partial Summary Judgment (Doc. 7) and Defendant's Motion to Bifurcate (Doc. 68). The Court incorporates that factual summary herein. (*See* Doc. 75, sealed, at 4-7.)

In the present motion, Plaintiff requests the Court employ a phased discovery plan. Plaintiff argues it would be beneficial to have an initial phase focusing on "the issues for [District] Judge Robinson to determine whether Kansas or California law will apply in this case." (Doc. 84, at 6.)

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

Protective Orders are governed by Federal Rule of Civil Procedure 26(c), which states in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The party seeking a protective order has the burden to demonstrate good cause." ***Reed v. Bennett***, 193 F.R.D. 689, 691 (D.Kan.2000). To do so, the moving party must make " 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" ***Aikens v.***

*Deluxe Fin. Servs., Inc*., 217 F.R.D. 533, 534 (D.Kan.2003) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). This particular showing must demonstrate that the basis for the protective order falls within one of the categories enumerated in Rule 26(c). Further, the moving party must clearly define the potential injury to be caused by the discovery at issue. *Zhour v. Pittsburg State Univ*., No. 01–2493–KHV, 2002 WL 1932538, *2 (D.Kan. July 25, 2002).

Defendant's previous Motion to Bifurcate asked the District Court to "engage in choice of law analysis before considering any other issues in this case." (Doc. 75, sealed, at 14.) In the context of the motion to bifurcate,

> UUIC contends that separating this issue for discovery and trial will greatly expedite and economize future proceedings. AKH opposes the motion, arguing that UUIC has not demonstrated that an actual conflict exists which would require a choice of law analysis. In its reply, UUIC points out that its motion is limited to seeking a choice of law decision on the making and performance of the policy.

(*Id*.)

Interestingly, for the present motion, the parties have now traded positions on the necessity of an initial determination of the choice of law issue. Plaintiff is now pressing the Court to employ a phased discovery plan, with the first phase limited to discovery relating to choice of law, to "avoid unnecessary time and

3

expense on irrelevant discovery." (*See* Doc. 84, at 7.) Defendant now opposes such an approach. (*See* Doc. 89.)

Plaintiff's brief infers that the District Court's prior Order encourages initial discovery on the choice of law issue. This Court does not read Judge Robinson's decision in that manner. The District Court held

> that UUIC has not demonstrated that bifurcation would create convenience, avoid prejudice, expedite, or economize the proceedings in this case. As the Court has discussed throughout this order, the issue of whether UUIC has a right of reimbursement is not easily separated from other issues. Moreover, the Court observes that the parties have taken inconsistent positions at various points throughout their multiple motions and lengthy briefs, seemingly tailoring their positions for the sake of expediency. The Court is therefore reluctant to shape these proceedings in a manner that could allow for even more selective posturing.

(Doc. 75, *sealed*, at 14-15.)

The Court agrees with the District Court that separating the issues would not be easy. The Court also finds that it would not be particularly useful. As such, the Court **DENIES** Plaintiff's request for a phased discovery plan.[1]

**IT IS SO ORDERED**.

Dated this 25th day of October, 2013.

---

[1] Plaintiff's challenge to the general relevance of discovery Defendant has not yet issued is premature and will not be addressed by the Court at this time.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge