IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City)

AKH COMPANY, INC., )
)
      Plaintiff, )
)
vs. ) Case No. 13-cv-02003-JAR-KGG
)
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
)
      Defendant. )
)
_____ )

## DECLARATION OF JAMES A. LOWE IN SUPPORT OF AKH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1. I am a partner at Gauntlett & Associates, attorneys for Plaintiff AKH Company Inc. in the above-captioned matter. The facts set forth in this declaration are of my own personal knowledge, and I could competently testify to them if called as a witness.

2. The parties have agreed to serve and respond to discovery requests by email as shown in the Joint Planning Conference Report on page 9.

3. The Court entered a protective order to protect confidential information and to allow for open exchange in the non-privileged documents in discovery. This protective order is attached as **Exhibit "51."**

4. AKH served its Second Request for Production of Documents on Universal on October 31, 2013 as shown in **Exhibit "52."** AKH agreed to give Universal an extension to December 9, 2013 to respond to the Second Request.

5. AKH requested that Universal produce all electronically stored information ("ESI") in native electronic format on December 13, 2013. This was because I learned from

Universal's early deposition witnesses that Universal and its parent Zurich only maintained records in electronic form. I also sent Universal's counsel a summary of District of Kansas ESI guidelines and case law favoring native form ESI discovery production in most circumstances. Those authorities stressed that native electronic production would be efficient, allowing convenient review and organization. In accord with a suggestion by Judge Gale, AKH proposed each party designate a technical liaison to address any technical issues that may exist with producing ESI in the requested format. A copy of these communications is attached as **Exhibit "73."**

6.  Universal completely refused to provide any documents in native electronic form. Its counsel said that only paper copies of ESI would be produced. Universal asserted that production in electronic format would be unduly burdensome, oppressive, and extremely expensive and asserted that its ESI was not stored in a reasonably accessible source. Universal never provided any details to support its argument. It also claimed that AKH had agreed to Universal's production in any form of its choice. A copy of these communications is attached as **Exhibit "56."** Furthermore, Universal rebuffed AKH's request to appoint technical liaisons to determine what technical issues may exist with production in native electronic format. A copy of these communications is attached as **Exhibit "73."**

7.  Universal requested another extension of time to respond to the Second Request. AKH expressed a desire to "be reasonable about [the] document production" but explained that until Universal complied with AKH's request for production of ESI in native format, there would be no firm answer. A copy of the correspondence is attached as **Exhibit "69."**

8.  On December 20, 2014, 11 days after responses were due, Universal served its first written objections and responses to AKH's Second Requests and produced some documents.

See **Exhibits "57"** (the face page and certificate of service page) and **Exhibit "62"** (the cover letter of Universal's December 20th production of paper formatted documents). Universal served additional responsive documents on December 23, 2013. A copy of this letter is attached as **Exhibit "67."** Universal served additional documents on January 2 and 14, 2014. A copy of these letters are attached as **Exhibits "68"** and **"66"** respectively. Universal served amended objections and responses to AKH's Second Request. A copy of relevant portions of that response are attached as **Exhibit "58."** Universal served approximately 600 additional pages of documents that it described as "inadvertently withheld" on February 12, 2014 **[Exhibit "59."]**. All of Universal's written responses and document productions occurred after the extended due date of December 9, 2013. Universal never obtained any further extensions.

9. The parties have stipulated to a procedure for preparing privilege logs. This stipulation is attached as **Exhibit "74."** Universal has never produced any privilege log to date detailing its withheld documents and redactions in response to AKH's Second Request for Production of Documents.

10. The Second Request sought but Universal produced no documents in the following categories:

> A. Checks paid to Paul Hastings relating to AKH's underlying claim (request #47). Universal objected that these checks contained payments to Paul Hastings for services rendered in other matters. A portion of Universal's response to the Second Request for Production, including request # 47 is attached as **Exhibit "60."**
>
> B. Documents that mention communications relating to Universal's duty to pay the defense costs of the RT Action (requests #20-21). Universal stated

4

that no responsive documents exist because Universal has no duty to defend. Counsel for AKH clarified their request in a meet and confer letter stating that the "request seeks Universal's analysis of whether or not it had a duty to pay for the prosecution of the AKH action." Based on that clarification, AKH asked Universal to "provide responsive documents or indicate that none exist." A portion of Universal's response to the Second Request for Production, including requests # 20-21 is attached as **Exhibit "60."** No documents have been produced.

11. On January 23, 2014, after multiple rounds of meeting and conferring with counsel for AKH as well as an informal conference with the Magistrate Judge, Universal said it would produce some documents in a searchable PDF format **[Exhibit"64."]**.

12. But rather than providing the documents in the format AKH requested, Universal produced only scanned paper copies of the documents. The documents were produced in a few very large PDF files, each of which contained thousands of unlabeled pages. This left AKH no available means to search across the entirety of the documents and restrained AKH's ability to organize the documents in the way it wanted. In this format, search capability is also limited to single word inquiries. AKH never agreed to this type of production.

13. Universal's initial reasons for not producing in electronic format and their later claimed inability to provide documents in the requested format were unsupported by any explanation although Universal electronically reviewed its ESI before producing responsive documents. Universal's counsel informed me that Universal had an e-discovery vendor using Relativity to select and produce document requested by AKH but that counsel did not have

access to Relativity and had not contacted Universal's e-vendor to obtain electronic files it had possibly stored after the search.

14. Universal's counsel indicated to me that Universal uses .tiff formatting and Lotus Notes, a type of email program to store some files. Files stored in these formats can be copied to a disk and viewed and can be searched with e-discovery programs such as Relativity, used by AKH and commonly used in federal litigation.[1]

15. AKH served its Third Request for Production of Documents on Universal on December 19, 2013 **[Exhibit "53."]**. It specified that document production was to be in electronic form. Universal's responses were due on January 23, 2014. Universal did not serve its written objections and responses until January 31, 2014. A portion of Universal's response to AKH's Third Request for Production of Documents containing relevant responses is attached as **Exhibit "61."** Universal did not serve the documents allegedly responsive to the Third Request until February 12, 2014. A copy of the cover letter is attached as **Exhibit "71."** Universal never obtained any extensions.

16. To date, Universal has not produced any privilege log detailing its withheld documents and redactions in response to AKH's Third Request.

17. The Third Request sought but did not receive the following categories of documents:

> A. Complaints received by Universal involving different factual scenarios that are relevant to the present case (requests #41-45 and 47-49). Universal refused to produce the requested complaints.

---

[1] See http://kcura.com/relativity/

B. The complete personnel files of supervisors that handled the claims underlying the AKH complaint. (requests #98-99). Universal refused to provide the information claiming that the information was irrelevant and not reasonably calculated to lead to discoverable evidence. Universal also claimed it invaded the employees' privacy and confidentiality.

C. All claims manuals and management directives (requests #5-29 and 91-92). Universal stated in its response that it would produce guidelines and best practices manuals in effect at the time of the AKH claim. A copy of Universal's response is attached as **Exhibit "61."** Universal has produced the Zurich Defense counsel guidelines, the Litigation Bill Review Departmental Best Practices, the Records Management policy/retention schedule, and the Zurich Basics – code of conduct. But Universal has produced no claims or best practice manuals.

D. Information on training of claims handlers from 2007 through the present (request #31). Universal stated that it would turn over training materials. A copy of Universal's response is attached as **Exhibit "61."** Universal has only produced brief training logs for Jena Palmer and Stephanie Cole but there is no detail about the content of training courses taken by them or other involved claims personnel.

18. Some categories of documents Universal agreed to produce from the Third Request remain undelivered:

A. Universal agreed to produce any state insurance department complaints from California and Kansas from 2011-2012 (request #80). None have been produced.

B. Universal agreed to produce its corporate by-laws and articles of incorporation from January 2007 through the present (request #82). A copy of Universal's response is attached as **Exhibit "61."** None have been produced.

C. Universal agreed to produce its certification of compliance with the requirements of the California Department of Insurance from January 2007 through the present (request #83). A copy of Universal's response is attached as **Exhibit "61."** Nothing has been produced.

D. Universal agreed to produce documents prepared as a result of any reports of state insurance department examinations (request #86). A copy of Universal's response is attached as **Exhibit "61."** Nothing has been produced.

E. Universal agreed to produce documents issued by the California Department of Insurance from January 2007 through the present consisting of or titled "Market Conduct Examination Reports" (request #87). A copy of Universal's response is attached as **Exhibit "61."** Nothing has been produced.

F. Universal agreed to produce documents filed with the Kansas Insurance Department from 2011 and 2012 (request #93). A copy of Universal's response is attached as **Exhibit "61."** Nothing has been produced..

> G. Universal stated that it already turned over all documents supporting its affirmative defenses (requests #104-105). A copy of Universal's response is attached as **Exhibit "61."** Universal has failed to identify which documents those are.

19. Abiding by Judge Gale's suggestion, AKH is now only requesting the first and last five complaints received by Universal during the 2011-2013 time period that are factually similar to the underlying RT Action (requests #41-45 and 47-49). This correspondence is attached as **Exhibit "63."** Universal has not provided any documents in response nor has it proposed any alternatives.

20. AKH served its Fourth Request for Production of Documents on Universal on January 9, 2014. This request specified that documents were to be in native electronic form. This request included Zurich within the definition of "UNIVERSAL." A copy of AKH's Fourth Request for Production of Documents is attached as **Exhibit "54."** Universal's responses were due on February 13, 2014. Universal timely served its written objections and responses to AKH's Fourth Requests. Universal's response objects to the production of documents in native electronic format on the same grounds discussed above. It also objects to Zurich's inclusion in the definition of "UNIVERSAL." Universal has not yet produced any documents in response. Universal never moved for any extensions. Universal's responses are attached as **Exhibit "70."**

21. Universal failed to produce the following documents in response to the Fourth Request **[Exhibit "70"]**:

> A. Documents revealing the name of cases, case numbers, and attorney fee rates for lawsuits filed against Universal and Zurich policyholders since 2001 (requests #1-2). Universal has agreed to produce the requested

information during the period Paul Hastings acted as defense counsel (12/9/11-12/31/12).

B. Rates paid to Paul Hastings (request #3). Universal refused to disclose this information.

C. Communications between various Universal and Zurich employees and all communications relating to AKH (requests #5-12). Universal claims it produced this information already.

D. Attorney rates Zurich paid between January 2001 and the present (request #13). Universal responded that it would provide rates paid to defend Universal policyholders in similar lawsuits pending in the Central District of California from 12/9/11 to 12/31/12. AKH offered to compromise, requesting only rates from May of 2007 to the present. Universal produced nothing.

22. AKH has requested all documents in Universal's claim file for AKH's claim in the underlying RT Action (request #13 of the Second Request seeks Universal's claims file for the AKH claim on the RT Action and requests #1-4 of the Third Request seek more specific types of documents making up Universal's claims file for AKH's claim on the RT Action). Copies of AKH's requests are attached as **Exhibits "52," "53," and "54."** Numerous other AKH requests seek specific parts of the claims file. Examples are attached as **Exhibit "75."**

23. Universal has responded to these requests by providing portions of its claims file, withholding thousands of documents and extensively redacting disclosed documents. Examples of redacted documents are attached as **Exhibit "72."** Universal says it will not produce these undisclosed documents or redacted portions asserting attorney-client privilege and the work

product doctrine. A copy of Universal's responses making these claims is attached as **Exhibit "70."** Universal has promised to provide a privilege log detailing the documents withheld [**Exhibit "74."**] No privilege log has been provided. Validity of privilege claims cannot be determined without a privilege log.

24. Universal disclosed to AKH that it has two distinct files relating to AKH. One contains Universal's correspondence prior to the commencement of the coverage suit. The other contains information accumulated by Universal after the suit was filed. Universal's initial communication with AKH acknowledged its duty to defend in the RT Action subject to its reservation of rights on the "prior publication" issue. Universal's January 5, 2012 letter to AKH is attached as **Exhibit "5."** AKH remained in contact with Universal throughout the underlying litigation and defense counsel made regular reports to Universal's claims adjuster. Universal hired outside coverage counsel while the underlying action was ongoing. Those outside attorneys participated in Universal's regular claims handling process, for example reviewing and revising settlement agreements between AKH and RT.

25. Universal first informed AKH of its intention to pursue a coverage suit when Universal notified AKH that it would pay the settlement and then seek reimbursement. Universal's counsel's letter of December 28, 2012 is attached as **Exhibit "44."**

26. I sent a meet and confer letter to Universal's counsel, Karen Bizzini, seeking further responses to the 2nd, 3rd, and 4th requests for production on February 18, 2014. [**Exhibit "55."**] In a telephone discussion on February 25 Ms. Bizzini said that Universal would produce no further documents, would produce no electronic versions of Universal's ESI and insisted on the limits on production that Universal previously asserted. Ms. Bizzini said that her office had mailed me on February 21, 2014 a computer disk containing some additional documents,

specifically claims manual type documents (claimed to be responsive to requests #5-29 and 91-92 of the 3rd Request for Production) and documents Universal filed with or received from the Kansas Department of Insurance (claimed to be responsive to requests #83 and # 93 of the 4th Request for Production). As of February 25, 2014 no such disk had arrived at our office.

27.  During the February 25, 2014 meet and confer telephone conference, Ms. Bizzini refused to change Universal's position on any other document production requests and refused to produce any documents discussed in my February 18, 2014 meet and confer letter. She did agree, however, to "review again" Universal's refusal to identify the documents responsive to requests # 104 and 105 of the 3rd Request for Production (document supporting Universal's 40th and 41st affirmative defense).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, California on this 27th day of February, 2014.

_____
James A. Lowe

Dated: February 28, 2014

By:   s/ *Brian E. Sobczyk*
David A. Gauntlett, *pro hac vice*
James A. Lowe, *pro hac vice*
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, California 92613
(949) 553-1010 (telephone)
(949) 553-2050 (facsimile)
info@gauntlettlaw.com
jal@gauntlettlaw.com

Scott C. Hecht, KS #16492
Brian E. Sobczyk, KS #21046
STINSON LEONARD STREET LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
(816) 842-8600 (telephone)
(816) 691-3495 (facsimile)
scott.hecht@stinsonleonard.com
brian.sobczyk@stinsonleonard.com

ATTORNEYS FOR PLAINTIFF
AKH COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David R. Buchanan, Esq.
Derek H. MacKay, Esq.
BROWN & JAMES P.C.
1100 Main Street, Suite 1900
Kansas City, MO 64105-5176
Telephone:   (816) 472-0800
Facsimile:   (816) 421-1183
dbuchanan@bjpc.com
dmackay@bjpc.com

Karen L. Bizzini, Esq.
Robert A. Sanders
SINNOT, PUEBLA, CAMPAGNE & CURET
550 S. Hope Street, Suite 2350
Los Angeles, CA 90071-2618
Telephone:   (213) 996-4200
Facsimile:   (213) 892-8322
kbizzini@spcclaw.com
rsanders@spcclaw.com

*Attorneys for Defendant*
*Universal Underwriters Insurance Company*

                                                  s/ *Brian E. Sobczyk*
                                                Attorney for Plaintiff AKH Company, Inc.