# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC.,                    )
                                      )
       Plaintiff,             )
                                      )   Case No. 13-2003-JAR-KGG
v.                                    )
                                      )
UNIVERSAL UNDERWRITERS                )
INSURANCE COMPANY,                    )
                                      )
       Defendant,             )
_____)

## MEMORANDUM & ORDER ON
## DEFENDANT'S MOTION TO RECONSIDER

Now before the Court is Plaintiff's "Motion for Reconsideration" (Doc. 163) of the Court's Order (Doc. 158) granting Defendant's Motion to Compel. (Doc. 123.) For the reasons set forth below, the Court **DENIES** this motion.

## BACKGROUND

The facts of the case were summarized by District Court in its Order (Doc. 66) denying Defendant's motion to transfer venue and quoted in this Court's underlying Order (Doc. 158, at 2-3). Those facts stated in relevant part:

> This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action against AKH which UUIC defended and settled under a reservation of rights. AKH is a California corporation with its principal place of business in California. It sells and installs tires

through its retail garages and internet website under the name "Discount Tire Centers." In May of 2010, The Reinalt-Thomas Corporation dba Discount Tire filed a civil action against AKH in the District of Arizona, alleging that AKH infringed upon and diluted its trademark under state and federal law. AKH in turn filed its own civil action against Reinalt-Thomas in the Central District of California and successfully moved to transfer venue of the first action to the Central District of California. The two lawsuits were consolidated ("the R-T lawsuits") and ultimately settled in December of 2012. UUIC insured AKH under a series of annual liability insurance policies from 2007 to 2013. In December of 2011, AKH notified UUIC of the R-T lawsuits and tendered the claims against AKH for a defense. UUIC accepted AKH's tender of defense of the R-T lawsuit under a reservation of rights.

In this case, AKH seeks declaratory relief that UUIC breached its duties to defend, settle, and act fairly and in good faith. UUIC brings counterclaims for declaratory relief and breach of contract arising out of its defense and settlement of the R-T lawsuits.[1]

(Doc. 66, at 1-2.)

## DISCUSSION

Defendant brought the underlying motion to compel arguing that Plaintiff "has refused to provide critical facts that relate to the very heart of this lawsuit." (Doc. 124, sealed, at 6.) Defendant contended certain documents withheld on the

---

[1] Hereinafter, Plaintiff AKH Company, Inc. shall be referred to as "Plaintiff" or "AKH." Defendant Universal Underwriters Insurance Company shall be referred to as "Defendant" or "Universal." Reinalt-Thomas shall be referred to as "RT" and the underlying lawsuit between it and Plaintiff shall be referred to as the "RT litigation."

basis of attorney-client privilege should be produced under the crime-fraud exception to the privilege. The Court held that although Defendant misinterpreted the applicable law, Defendant made a *prima facie* case "sufficient to invoke the crime-fraud exception to the attorney-client privilege – false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'" (Doc. 158, at 43 (citing ***DuShane v. Union Nat. Bank***, 223 Kan. 775, 759, 576 P.2d 674, 678 (1978).)

Plaintiff now contends that the evidence relied upon by the Court does not establish "that the *client* was involved in any claimed fraud." (Doc. 163, at 2.) Plaintiff argues "[t]here is no showing whatsoever that any report, or failure to report, by counsel was done at the direction of the client." (*Id.*)

"A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed," which is exactly what Defendant is attempting to do with the present motion. ***Voelkel v. Gen. Motors Corp.***, 846 F. Supp. 1482, 1483 (D.Kan. 1994), *aff'd*, 43 F.3d 1484 (Table) (10th Cir. 1994). A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. Although

Plaintiff has not stated the standards for a motion to consider, the Court surmises that it urges reconsideration to correct clear error or prevent manifest injustice.

The Court spent 20 pages of the underlying Order meticulously analyzing how the information presented established a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege. (Doc. 158, at 23-43.) The Court incorporates that analysis herein. That analysis specifically enumerates actions that establish a *prima facie* case of fraud – that Defendant was not informed that Plaintiff's counsel had a 25% contingency reward in the net settlement of the RT litigation, that Defendant was not informed of Plaintiff's settlement negotiations with RT for approximately two months, that Defendant was not timely informed of an expected $8 million payment from RT which was to be partially funded by Defendant, and that Plaintiff and RT allegedly reached a settlement before Defendant agreed to offer policy limits.

While the underlying Order may not point to a "smoking gun" specifically linking Plaintiff to the allegations of potential fraud, Plaintiff's argument is overly simplistic. Plaintiff has withheld the relevant communications on the basis of attorney-client privilege. As such, opposing counsel – and the Court – can only surmise as to their contents based on the information contained in the privilege log. Plaintiff and his coverage counsel were acting as a litigation team. It is

nonsensical that counsel would act entirely on its own accord in regard to these settlement negotiations. To the contrary, entries in the privilege log would indicate that Plaintiff's officers were involved in communications regarding the issues enumerated in the Courts underlying Order. The Court finds that there has been "'a showing of a factual basis adequate to support a good faith belief by a reasonable person' . . . that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." ***United States v. Zolin***, 491 U.S. 554, 572, 109 S.Ct. 2619, 2631, 105 L.Ed.2d 469 (1989).[2] Stated another way, the Court finds a good faith, reasonable belief that Plaintiff "obtained legal advice to further a crime or fraud." ***Kilpatrick v. King***, 499 F.3d 759, 766 (8th Cir. 2007). Plaintiff's motion to reconsider has not convinced the Court otherwise.

Further, at this point, the Court is only ordering an *in camera* inspection, not a production of the information. (Doc. 158, at 43-44.) If Plaintiff had no involvement in these decisions and/or no fraud occurred, there will be nothing contained in the *in camera* documents to support Plaintiff's involvement in any alleged fraud. Thus, no additional information will be provided to Defendant and the privilege will not be waived.

---

[2] In the underlying Order, the Court found this standard to be consistent with both California and Kansas law and applied it to the matter at bar. (Doc. 158, at 20.) This was necessary given the choice of law issues currently pending before the District Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 163) is **DENIED** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of August, 2014.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
