**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AKH COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL UNDERWRITERS ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant, ) <br> _____ ) | Case No. 13-2003-JAR-KGG |

**ORDER GRANTING IN PART**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant's motion for reconsideration (Doc. 160) of this Court's Order (Doc. 152) granting in part and denying in part Plaintiff's Motion to Compel (Doc. 117). Specifically, Defendant challenges the Court's rejection of its objection to the production of portions of its claims file as within the attorney client privilege.

"A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." ***Voelkel v. Gen. Motors Corp.***, 846 F. Supp. 1482, 1483 (D.Kan. 1994), *aff'd*, 43 F.3d 1484 (Table) (10th Cir. 1994). A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. Because a portion of the previous ruling (Doc. 152) constitutes clear error, the motion is **GRANTED** in part.

Defendant-insurer claims that Plaintiff-insured induced it to pay a settlement on behalf of Plaintiff in defense of a lawsuit by misleading Defendant or concealing material facts from Defendant. In discovery, Plaintiff requested Defendant's entire claims file on the previous litigation. Defendant objected that some of those documents are privileged under the work-product and attorney-client privileges.

In its previous ruling, this Court ruled that the work-product privilege did not attach to documents created before the date Defendant reasonably anticipated litigation, which the Court found to be December 28, 2012. The Court ordered the production of documents created before that date.[1] As it relates to claims of work-product privilege only, this ruling is not challenged in the present motion and remains in effect.

Defendant also objected that some documents are protected under the attorney-client privilege. This Court, following language in a case from another

---

[1] The Order erroneously states that documents produced after that date should be produced. The word should have been "before." This issue was previously addressed by the Court with the parties.

jurisdiction,[2] evaluated that claim under the same principals and found that the privilege did not attach before the date litigation could be reasonably anticipated. This was error. Although language supporting that rationale may be found in the case cited,[3] the authorities cited in that opinion do not generally support that approach.[4] Additionally in that case, our sister court ultimately relied upon an analysis of whether the attorneys for whom the privilege was claimed were acting in a legal capacity.

The work product privilege is created by Fed.R.Civ.P. 26. The attorney client privilege in a case based on diversity jurisdiction is determined by state law. Fed.R.Evid. 501. Although the analysis of those issues may factually trod the same ground, the questions are different. The Court must determine whether the communications qualify as privileged under the state standard, and whether any exception exists.

The party asserting the attorney-client privilege bears the burden to establish its applicability. ***Kannaday v. Ball***, 292 F.R.D. 640, 644 (D. Kan. 2003). "The

---

[2] *Lindley v. Life Investors Ins. Co. of America,* 267 F.R.D. 382 (N.D. Okla. 2010).

[3] 267 F.R.D. at 399.

[4] The Kansas case cited by the Oklahoma court in support of that proposition is a ruling only on the work-product privilege. *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, 247 F.R.D. 656, 659 (D. Kan. 2007).

privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.'" *Marten v. Yellow Freight Sys., Inc*., No. 96–2013–GTV, 1998 WL 13244, at *6 (D.Kan. Jan. 6, 1998) (quoting *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan.1995)).

The communications at issue in this case were to or from three different attorneys (1) Stephanie Cole, an attorney acting as a claims professional, (2) an unnamed in-house counsel, and (3) outside counsel retained to advise Defendant. An additional distinction may be made concerning the topics of asserted legal advice. Those may include (1) issues concerning coverage and (2) advice relating to the settlement that is the subject of Defendant's fraud claim.

Beginning with communications to or from Ms. Cole, the Court does not perceive Defendant to claim that those are privileged unless they involve communication between her and either other in-house counsel or outside counsel. For purposes of this motion, the Court agrees that Ms. Cole did not have to be an attorney to perform her job duties handling the underlying claim. As such, to the extent such documents have not been produced, the Court orders production of all communications involving Ms. Cole and Universal's personnel other than other attorneys.

Additionally, relating to communications with outside counsel by Ms. Cole or other agents of Defendant, Plaintiff is not claiming that communications relating to coverage issues should be produced.  The Court sees no reason in this case to distinguish such advice from outside counsel from advice from in-house counsel. Therefore, communications between Ms. Cole or other agents of Defendant with either outside counsel or in-house counsel concerning coverage are privileged and need not be produced.

The real dispute before the Court concerns communications between Ms. Cole or other Defendant personnel with either in-house or outside counsel concerning entering into the settlement that is the subject of Defendant's fraud claim.  Plaintiff does not dispute that such communications were initially privileged, but claims that Defendant has waived the privilege by bringing the present fraud claim.  Plaintiff argues that Defendant "has put in issue what it knew and when regarding the settlement and the reasons for paying the settlement" and that when "an insurer puts at issue information that is established between it and its counsel, any attorney-client privilege should to that extent be deemed to have been impliedly waived." (Doc. 175 at page 7).

In support of its position, Plaintiff urges application of the rule followed in California which provides that where "privileged information goes to the heart of

5

the claim, fundamental fairness requires that it be disclosed for the litigation to proceed." *Steiny & Co. V. Cal. Elec. Supply Co.*, 79 Cal. App. 4th 285, 292 (2000). The California rule is not, however, applicable here. No doubt Defendant's conversations with its attorneys concerning whether to pay the settlement could reveal information relevant to their fraud claim. But relevance is not the test. To apply a waiver of the privilege, Defendant must have placed the communications themselves at issue.

The case relied upon by Plaintiff illustrates this distinction. In *Merritt v. Superior Court*, 9 Cal. App. 3rd 721 (1970), the client relied upon its attorney's testimony in bringing its claim. The central claim was that the attorney had been confused by defendant. However, "there is no waiver of the attorney-client privilege where the substance of the protected communication is not itself tendered in issue, but instead simply represents one of several forms of indirect evidence in the matter." *Mitchell v. Superior Court*, 37 Cal. 3d 591, 606, 208 Cal. Rptr. 886, 691 P.2d 642 (1984). *See also* *Luna Gaming San Diego, L.L.C. v. Dorsey & Whitney, L.L.P.*, 06-CV-2804-BTW, 2010WL148713 (S.D. Calif. 2010). In the present case, Defendant has not "tendered" its communications with its attorneys as part of its claim, and has not, yet, indicated that it intends to rely upon its attorneys' testimony. Thus, the privilege has not been waived.

An unresolved issue in this case is whether Kansas or California law will apply. However, the analysis of this issue under Kansas privilege law yields the same result. The waiver only applies when the party claiming the privilege "puts the fact of the communication at issue." *State ex rel Stoval v. Meneley*, 227 Kan. 355, 22 P.3d 124 (2001) (*citing* **Hearn v. Rhay**, 68 F.R.D. 574, 579-81 (E.D. Wash. 1975)). In the present case, the waiver is not applicable because "the attorney-client communications are merely relevant to claims" rather than "integral" to the claim itself. *Cincinnati Insurance Company v. Serrano*, 11-CV-2075-JAG/KGG, 2011 WL 6304086 (D. Kan. 2011).[5]

The Motion for Reconsideration is, therefore, **GRANTED** to the extent that requests for communications between Defendant's personnel, including Ms. Cole, with in-house counsel or outside counsel are privileged and the motion to compel production of those documents is denied. Other communications with Ms. Cole and others must be produced except as protected under the Court's previous order as work product.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider

---

[5] Of course, Defendant may still cause a waiver of the privilege if, for example, its claim includes an assertion that its in-house or outside counsel were deceived or mislead by Plaintiff's conduct or if it tenders its attorneys' testimony in support of its claim.

(Doc. 160) is **GRANTED in part** as more fully set forth herein.

    **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of August, 2014.

                                    S/ KENNETH G. GALE
                                    KENNETH G. GALE
                                    United States Magistrate Judge