IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-2003-JAR-KGG |
| v. ) | |
| ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

**ORDER ON *IN CAMERA* INSPECTION**

In accordance with its previous ruling (Doc. 158) regarding Defendant's "Motion to Compel Sufficient Written Responses and Production of Documents" (Doc. 123), the Court has reviewed, *in camera*, the documents it ordered to be produced by Plaintiff.

In the Court's previous Order, the undersigned Magistrate Judge held that the facts presented by Defendant, "taken as a whole, establish a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege – false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'" (*See* Doc. 158, at 42-

43 *(quoting **DuShane v. Union Nat. Bank**, 223 Kan. 775, 759, 576 P.2d 674, 678 (1978)).*[1] The Court mandated parameters for an *in camera* inspection of certain documents from Plaintiff. Plaintiff was ordered to provide to the Court all communications between itself and counsel (whether coverage counsel or litigating counsel) that were withheld on the basis of the attorney-client privilege or work product doctrine that occurred from the completion of the unsuccessful mediation in September 2012 until Defendant received the final draft of the settlement agreement with RT in December 2012.

Plaintiff has produced, and the Court has reviewed, over 1,300 pages of documents, consisting entirely of copies of e-mail communications. The Court reviewed the communications for evidence of an intent by Plaintiff to conceal material elements of the negotiations or settlement from Defendant. The Court has found the following documents to be relevant to Defendant's theory and, therefore, discoverable:

>AKH_13638-42
>AKH_13649-50
>AKH_13656-60
>AKH_13670-75
>AKH_13681-82 (email from K. Kepler to A. Andonian, *et al.*)

---

[1] As stated in the previous Order, the facts previously presented by Defendant do not, *per se*, establish fraud. Rather, standing alone and unrebutted, they would create a *prima facie* case of fraud.

AKH_13697-703
AKH_13704-09
AKH_13729-30
AKH_13749-56
AKH_13766-69
AKH_13783-88
AKH_1378994
AKH_13864-68
AKH_13869-70
AKH_13873-78
AKH_13880-81 (email from M. Schaeper to G. Dassof, *et al.*)
AKH_13890-91
AKH_13905-07
AKH_13912-13
AKH_13916-19
AKH_13927-29
AKH_13932-38
AKH_13942-43
AKH_13954-61
AKH_13972-75
AKH_13995-97
AKH_13998
AKH_13999-4006
AKH_14046-47
AKH_14066-68
AKH_14069-76
AKH_14087-93
AKH_14102-05
AKH_14106-07
AKH_14111-14
AKH_14146
AKH_14222
AKH_14259
AKH_14260-67
AKH_14283-85
AKH_14292-96
AKH_14350-55
AKH_14366-70

        AKH_14376-78
        AKH_14380-87
        AKH_14392-401
        AKH_14429-30
        AKH_14445-51
        AKH_14495-500
        AKH_14504-05
        AKH_14514-32
        AKH_14544-45
        AKH_14647-48
        AKH_14675
        AKH_14750-53
        AKH_14761-67
        AKH_14819-821
        AKH_14822-23
        AKH_14824-30
        AKH_14841-49
        AKH_14850-53
        AKH_14854-55
        AKH_14857 (email from M. Schaeper to J. Lowe)
        AKH_14865-66
        AKH_14878-79
        AKH_14880
        AKH_14885-887
        AKH_14929-30
        AKH_14931
        AKH_14932
        AKH_14936-37
        AKH_14940-41
        AKH_14944-45
        AKH_14946
        AKH_14963
        AKH_14964-65
        AKH_14975-77

The documents shall be provided to Defendant, at the office of defense counsel,

**within 2 weeks of the date of this Order**.[2]  All of these documents are to be produced as "Confidential" under the existing protective order (Doc. 87).

Additional documents reviewed *in camera* may be relevant to Plaintiff's defense of Defendant's theory.  The Court will not, however, hold the privilege waived as to such documents.  In the event that Plaintiff intends to use such documents as evidence, Plaintiff must produce the same.

**IT IS THEREFORE ORDERED** that, pursuant to the Court's previous Order (Doc. 158) granting Defendant's Motion to Compel Production of Documents (Doc. 123), the above enumerated documents are to be produced forthwith.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this ___ day of October, 2014.

                                                          KENNETH G. GALE
                                                         United States Magistrate Judge

---

[2]  The Court reiterates that the documents do not, in and of themselves, establish fraud.  Rather, standing alone and unrebutted, the documents may create a *prima facie* case of fraud.