#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., )<br>)<br>      **Plaintiff/Counter-Defendant,** )<br>)<br>v. )<br>)<br>UNIVERSAL UNDERWRITERS )<br>INSURANCE COMPANY, )<br>)<br>      **Defendant/Counter-Claimant.** )<br>_____) | **CIVIL ACTION**<br><br>**No. 13-2003-JAR** |

#### MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff /Counter-Defendant AKH Company, Inc.'s Objection to Magistrate Judge Gale's Order Following *In Camera* Inspection Requiring the Production of Specified Attorney-Client Privileged Documents Based Upon the Crime-Fraud Exception (Doc. 220). The objection is fully briefed, and the Court is prepared to rule. For the reasons explained in detail below, the Court overrules and denies Plaintiff's objection.

### I.     Background

This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action against AKH which UUIC defended and settled under a reservation of rights. In May of 2010, The Reinalt-Thomas Corporation dba Discount Tire ("R-T") filed a civil action against AKH in the District of Arizona, alleging that AKH infringed upon and diluted its trademark under state and federal law. AKH in turn filed its own civil action against R-T in the Central District of California and successfully moved to transfer venue of the first action to the Central District of California. The two lawsuits were consolidated ("the R-T lawsuits") and ultimately settled in December of 2012. In this case, AKH seeks declaratory relief that UUIC breached its

duties to defend, settle, and act fairly and in good faith.  UUIC brings counterclaims for declaratory relief and breach of contract arising out of its defense and settlement of the R-T lawsuits.

UUIC filed a Motion to Compel on March 7, 2014, seeking production of documents included on AKH's privilege log; communications between AKH and Paul Hastings LLP, AKH's independent counsel.  UUIC argued that these documents are subject to production under the crime-fraud exception to the attorney-client privilege because between October and December 2012, AKH withheld material information from UUIC about settlement negotiations with R-T, in violation of the terms of the insurance policy.  Judge Gale issued a 44-page Order on July 3, 2014, granting the motion to compel.  Judge Gale extensively analyzed the crime-fraud exception under both Kansas and California law[1] and reviewed the evidence presented by UUIC in support of its contention that the exception applies in this case.  Judge Gale determined that the evidence, "taken as a whole, establish[es] a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege—false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communication and in respect of which it could not be innocently silent."[2]  On this basis, Judge Gale ordered AKH to produce for *in camera* inspection all communications between itself and counsel (coverage and litigating counsel) that were withheld on the basis of attorney-client privilege or the work product doctrine between September 2012 and December 2012.

AKH did not file an Objection to Judge Gale's July 3 decision, and instead sought

---

[1] Currently pending before the Court are cross-motions for a determination of whether California or Kansas law governs this dispute.

[2] Doc. 158 (quotation omitted).

reconsideration, which was denied on August 20. In its motion for reconsideration, AKH argued that the court's analysis of the crime-fraud exception was flawed because it did not acknowledge that the evidence must establish that the client, rather than the attorney, must be involved in the claimed fraud for the exception to apply. The court rejected this argument, finding that the evidence was sufficient to infer that Plaintiff's officers were involved in the alleged fraud. Judge Gale pointed to the fact that the attorneys and client were required to work together during settlement negotiations, and that the entries on the privilege log strongly suggest that these officers were involved in the subject communications. Moreover, Judge Gale observed that if the client was not involved in the alleged fraud, this fact would be easily confirmed by the court's *in camera* review and there would be no documents subject to production. AKH did not file an Objection to the August 20 Order denying reconsideration.

AKH produced to the court over 1300 pages of documents for *in camera* review "consisting entirely of copies of e-mail communications." On October 17, 2014, Judge Gale issued a 5-page order finding that 77 of these documents are discoverable under the crime-fraud exception because, although they do not necessarily establish fraud, "standing alone and unrebutted they would create a *prima facie* case of fraud."[3] AKH objects to this Order.

**II.     Discussion**

AKH filed its Objection to Judge Gale's October 17 production Order on October 30, 2014. It argues that Judge Gale erred as follows: (1) he impermissibly relied on counsel's conduct, rather than AKH's conduct, of potentially withholding settlement information from UUIC; (2) the conduct described by Judge Gale is not *prima facie* evidence of fraud, but instead

---

[3] Doc. 215 at 2 n.1.

3

permissible settlement strategy by an attorney for which there was no duty to disclose because some of the settlement negotiations concerned claims not defended by UUIC; and (3) Judge Gale's findings are insufficient to vitiate the work-product protection that applies to the documents at issue in addition to attorney-client privilege.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[4] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5] The district judge is only required to consider timely objections under Rule 72.[6]

UUIC argues that AKH has waived the arguments raised in the objection because they go to the earlier orders issued by Judge Gale, and not to the five-page order that merely identified the documents to be produced. The Court agrees as to AKH's first two points of error. Judge Gale's July 3 and August 20 Orders extensively analyzed whether UUIC made a showing sufficient to establish a prima facie case of fraud. The Court found that documents already produced made this showing, but before ordering production of specific documents withheld on

---

[4] *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[5] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

[6] Fed. R. Civ. P. 72(a).

the basis of attorney-client privilege, the Court agreed to review the documents at issue *in camera* in order to "review the communications for evidence of an intent by Plaintiff to conceal material elements of the negotiations or settlement from Defendant."[7]

In its August 20 Order on the motion for reconsideration, Judge Gale again explained that UUIC had shown "a factual basis adequate to support a good faith belief by a reasonable person . . . that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies."[8] Further, he stated that since he had not yet ordered production, if the client indeed had no involvement in the disclosure decisions during settlement negotiations, there would be nothing for him to order produced. AKH attaches itself to this language in its reply brief, arguing that it was not required to object to either of Judge Gale's decisions until he actually ordered production. AKH misreads Judge Gale's orders. It is clear to this Court that Judge Gale's July 3 Order made all of the predicate findings necessary for invocation of the crime-fraud exception. He fully examined the evidence, short of reviewing privileged documents, to determine if UUIC could establish a prima facie case of fraud. He found that UUIC made this showing. The only remaining finding at this point was whether the documents indeed supported the alleged fraud and should therefore be produced. The October 17 Order was limited to Judge Gale's findings on this latter point: upon review, the 77 enumerated documents were ordered to be produced. The Court will not allow AKH to bootstrap onto its objection to the production of these documents its points of error with orders that were issued months before. The Court vehemently disagrees with AKH's characterization

---

[7] Doc. 158 at 43–44.

[8] Doc. 198 at 5 (quoting *United States v. Zolin*, 491 U.S. 554, 572 (1989)) (internal quotation marks omitted).

of these orders as "preliminary." The July and August Orders were extensive and made all of the predicate findings necessary to allow for *in camera* review. The only inquiry that remained was whether the subject documents were in fact probative of the alleged fraud, a determination made after *in camera* review. Therefore, the only timely objections that could be raised to the October 17 Order was whether the 77 documents themselves evidenced fraud. Notably, this is not the objection presented to this Court. Rule 72 governs only timely objections and the Court agrees that AKH's objections to the July 3 and August 20 Orders are untimely as they were not filed until October 30, months past the fourteen-day deadline provided under the rule.

AKH's first challenge is based on the conduct of the attorney versus the client. Judge Gale's July 3 Order extensively discussed the crime-fraud exception under Kansas and California law, and the fact that invocation of the exception must be based on the conduct of the client under either body of law. AKH raised the issue again in its motion for reconsideration and Judge Gale explained in his August 20 Order that the evidence was sufficient to suggest that the client participated in the fraud. AKH did not object to either of these Orders. Clearly, as stated in the August 20 Order, this was something Judge Gale would have been homing in on during his *in camera* review. Given that he ordered production of the 77 documents, the Court may reasonably infer that his review of these documents supported the theory that AKH, and not just its attorneys, participated in the fraud. Notably, AKH's Objection does not ask this Court to re-review these documents, which would really be the only recourse for objecting to the October 17 decision. Instead, AKH asks the Court to find that Judge Gale's predicate findings were in error. This is an untimely objection to the July 3 Order and an inappropriate ground upon which to challenge the October 17 Order.

AKH argues that the documents reviewed by Judge Gale merely show lawyers strategizing with each other about how to approach the litigation and implementing that strategy in communicating with UUIC.  Judge Gale reviewed the documents and reached a different conclusion—a factual determination that must be affirmed unless "on the entire evidence [the Court] is left with the definite and firm conviction that a mistake has been committed."[9]  AKH has made no such showing here.  Given Judge Gale's findings that AKH officers were copied on these emails, the Court cannot find that it was clearly erroneous for him to conclude that AKH's presence in the discussion was probative of its participation in the alleged fraud.

Likewise, AKH's second objection is untimely.  AKH challenges Judge Gale's finding that these documents are prima facie evidence of fraud, rather than permissible settlement strategy by an attorney, and argues that UUIC had no right to be apprised about aspects of the underlying action that it was not defending.  But again, this objection goes to Judge Gale's preliminary findings in the July 3 Order.  In that Order, Judge Gale acknowledged and rejected this exact argument:

> Defendant was not included in settlement negotiations between Plaintiff and RT.  Considering Plaintiff had claims against RT that were not covered by insurance, the Court acknowledges that Plaintiff had arguably legitimate reasons to continue negotiating with RT without Defendant's involvement.  As stated in § F. 2. above, however, the Court finds that information regarding settlement of Plaintiff's claims against RT would certainly be relevant to Defendant's analysis of any settlement of RT's claims against Plaintiff.  An intentional concealment of this arrangement by Plaintiff would be fraudulent.[10]

The appropriate time to object to this finding was either fourteen days following service of the

---

[9]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

[10]Doc. 158 at 39.

7

July 3 Order, or fourteen days following Judge Gale's Order on reconsideration.[11] Instead, AKH waited until October 30, 2014. This challenge is therefore overruled and denied as untimely.

Finally, for the first time in the extensive briefing on these motions, AKH invokes the work product doctrine, arguing that it protects from disclosure the 77 documents at issue notwithstanding application of the crime-fraud exception, which is only an exception to attorney-client privilege. The Court has reviewed AKH's brief in opposition to the motion to compel; this argument is not mentioned. This Court's review is limited to a determination of whether Judge Gale's decision was clearly erroneous or contrary to law. It was not clearly erroneous or contrary to law for Judge Gale not to analyze whether these documents are otherwise protected work product when the argument was never presented to him. Furthermore, issues raised for the first time in an objection to a magistrate judge's order are deemed waived.[12] And finally, AKH provides this Court with no possible method of determining whether it in fact claimed work product immunity for the subject documents. There is no privilege log submitted to the Court showing the basis for withholding the bates-stamped documents ordered produced by Judge Gale. For all of these reasons, AKH's third point of error is overruled and denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff /Counter-Defendant AKH Company, Inc.'s Objection to Magistrate Judge Gale's Order Following *In Camera* Inspection Requiring the Production of Specified Attorney-Client Privileged Documents Based Upon the Crime-Fraud Exception (Doc. 220) is **overruled and denied**. AKH shall comply with

---

[11]Fed. R. Civ. P. 72(a).

[12]*Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184–85 (10th Cir. 2011); *see also Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 n.3 (D. Kan. 1997).

Judge Gale's October 17 Order **within one week of the date of this Order**.

Dated: January 2, 2015

                                       S/ Julie A. Robinson

                                       JULIE A. ROBINSON

                                       UNITED STATES DISTRICT JUDGE