# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-2003-JAR-KGG |
| v. ) | |
| ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

## ORDER ON DEFENDANT UNIVERSAL'S MOTION TO COMPEL

Now before the Court is Defendant Universal's "Motion to Compel" (Doc. 282), regarding a third-party subpoena issued to Gauntlett & Associates, a law firm that previously represented Plaintiff AKH. For the reasons set forth below, the Court **GRANTS in part** this motion.

## BACKGROUND

The above-captioned matter is a declaratory judgment action based on a dispute concerning insurance coverage and the settlement of a trademark dispute involving Plaintiff AKH and a third party. (*See* Doc. 1; Doc. 75, sealed, at 5-6 (underlying litigation hereinafter referred to as "RT litigation" or "RT case).) The facts of the case were summarized by District Court in its Order (Doc. 75, sealed)

denying Plaintiff AKH's Motion for Partial Summary Judgment (Doc. 7) and Defendant Universal's Motion to Bifurcate (Doc. 68).  The Court incorporates that factual summary herein.  (*See* Doc. 75, sealed, at 4-7.)

The case has, unfortunately, had a long and, in the Court's opinion, unnecessarily contentious history.  (*See e.g.*, Docs. 40, 61, 82, 117, 123, 144, 152, 158, 160, 163, 164, 168, 184, 215, 220, 264, 269, 282, 290.)  The parties disagreements culminated in this Court's ruling on Defendant's "Motion to Compel Sufficient Written Responses and Production of Documents" (Doc. 123), in which the Court held that the facts presented by Defendant created a *prima facie* case of fraud sufficient to waive the attorney-client privilege as to certain documents Plaintiff argued were privileged and protected from discovery.  Upon Plaintiff's Motion for Reconsideration (Doc. 163) the Court's prior Order (Doc. 158), the Court ordered an *in camera* inspection of the documents and ordered that certain of them be produced to Defendant Universal.  Plaintiff complied with that Order.

The present motion was initially filled by Defendant Universal in the United States District Court for the Central District of California[1], seeking an Order

---

[1] Because Defendant Universal brought that motion in the Central District of California, the matter received its own caption for that District, styled as Universal Underwriters Insurance Company, Plaintiff, vs. Gauntlett & Associates, Defendant. (*See*

compelling non-party law firm Gauntlett to produce documents responsive to a subpoena. (Doc. 282.) That subpoena, served on July 15, 2014, seeks "production of communications and documents relating to the underlying litigation and its settlement," with settlement of the underlying RT litigation occurring from September through December 2012. (Doc. 283, at 5-6.)

Defendant Universal contends that responsive documents "are relevant to [its] claims regarding fraud, misrepresentation, and concealment, among others." (*Id.*, at 6.) Universal argues that the information Gauntlett has produced is non-responsive and that the accompanying privilege log, which contains a single entry encompassing almost 2,000 documents, is insufficient. (*Id.*)

Gauntlett responds that it has produced all non-privileged documents and/or does not possess the documents Universal contends it is withholding. (*Id.*, at 24-25.) Gauntlett argues that its privilege log is sufficient. It contends that because of the voluminous nature of documents sought, a document-by-document privilege log would be unreasonable and overly burdensome. (*Id.*, at 28.) It further contends that "the documents withheld . . . are attorney-client communications and in-firm communications between attorneys in connection with the underlying

---

Docs. 282 - 287.) For purposes of this case, however, Universal shall be referred to as "Defendant Universal," "Defendant," or "Universal" and Gauntlett & Associates shall be referred to as "Gauntlett."

litigation and, as such, are obviously protected by the attorney-client and work product privileges[2] . . . ." (*Id.*, at 29.)

## DISCUSSION

**A.     Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information

---

[2] The Court notes that there is no legally recognized "work product privilege" within the scope of Fed.R.Civ.P. 501.  Rather, federal courts recognize the work product doctrine as "'a tool of judicial administration' that furthers the goals of fairness and convenience.'" *Plaza Ins. Co. v. Lester*, 2015 WL 3528336, at *4 (D. Colo. June 4, 2015) (quoting *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 201 (M.D.N.C.1988)).

4

sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  The scope of discovery is broad, but not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan. 1995).

**B.**     **Responsive, Non-Privileged Documents.**

Universal enumerates its first issue as "whether Gauntlett must produce all responsive, non-privileged documents."  (Doc. 283, at 7.)  Gauntlett contends that the documents in its "possession consist of:  (1) communications with Universal; (2) pleadings and other public documents (3) communications between Gauntlett, AKH, and other counsel representing AKH and (4) research and analysis that constitute Gauntlett's opinions, theories, conclusions."  (*Id.*, at 24.)  Gauntlett continues that "[a]ll documents in [its] possession or control . . . which are in the first two categories of documents, none of which are claimed to be privileged, were produced" to Universal.  (*Id.*)

5

In Universal's supplemental briefing, it references communications that Gauntlett has identified "'from RT's counsel to defense counsel or AKH [that] were sent to Gauntlett' pursuant to the attorney-client relationship." (Doc. 287, at 2.) Universal also discusses "communications with Universal from the relevant time period (September to December 2012)" that have not been produced. (*Id*., at 2-3.) Universal contends it has only received "communications relevant to [Gauntlett's] later role as counsel of record in the Kansas litigation (running from 2013 to 2014)." (*Id*., at 3.)

Finally, Universal contends that Gauntlett has "ignore[d] communications with parties other than Universal and AKH (or AKH's counsel) during the responsive time period." (*Id*.) As a specific example, Universal references "communications between Jesse Abrams of Gauntlett and counsel to RT on 'concerns regarding insurance.'" (*Id*.) Universal also states that "other parties have produced communications with attorneys at the Gauntlett firm, including David Gauntlett, James Lowe, and Jesse Abrams, among others." (*Id*., at 4.)

Defendant Universal's motion is **GRANTED** and counsel for Gauntlett is ordered to produce any such documents in its possession, custody, and/or control. To the extent Universal is aware of the existence of specific documents and/or communication, it shall provide a list of the same to Gauntlett within two weeks of

the date of this Order. Thereafter, Gauntlett shall have thirty (30) days from receipt of such a list from Universal to produce to Universal all such responsive documents or provide Universal with a written explanation as to why Gauntlett does not have such documents in its possession, custody, and/or control, including, but not limited to, any such documents specifically listed by Universal.

**C.     Privilege Log.**

Courts in this District, including the undersigned Magistrate Judge, have addressed the issue of privilege log sufficiency on numerous occasions. As stated by Magistrate Judge James O'Hara in ***Sprint Comm'ns Co. L.P. v. Big River Telephone Co., LLC***,

> [a] party objecting to discovery on privilege grounds has the burden to establish the privilege. Fed.R.Civ.P. 26(b)(5)(A) provides that
>
>> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>>
>>> (I) expressly make the claim; and
>>>
>>> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

7

> claim.

> If a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived. Because waiver is a harsh sanction, however, 'courts often reserve such a penalty for those cases where the offending party unjustifiably delayed in responding to the discovery requests or acted in bad faith.' Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver.

No. 08-2046-JWL, 2009 WL 2878446, at *1 (D.Kan. Sept. 2, 2009). The Court's analysis thus turns to what constitutes an adequate privilege log.

"A privilege log must provide sufficient information to allow the other party assess the claimed to privilege." **Helget v. City of Hays**, No. 13-2228-KHV-KGG, 2014 WL 1308890, at *3 (D. Kan. March 28, 2014) (citing **Kear v. Kohl's Dept. Stores, Inc.**, No. 12–1235–JAR–KGG, 2013 WL 3088922, *3 (D. Kan. June 18, 2013) (citing Fed.R.Civ.P. 26(b)(5))). *See also* Fed.R.Civ.P. 26(b)(5)(a). Quoting the Advisory Committee's notes to the 1993 amendments to Rule 26, Gauntlett argues its single-entry privilege log – encompassing 1,973 documents that were generated over the course of two years – provides sufficient information. (Doc. 283, at 27.) "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the

items can be described by categories." Fed.R.Civ.P. 26 advisory committee's note to 1993.

The Court agrees that, under certain circumstances, Gauntlett's privilege log would be sufficient, particularly given its involvement as a non-party in this litigation. The undersigned Magistrate Judge previously held in this litigation, however, that Defendant Universal has

> establish[ed] a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege" in this case as a result of "false representations made by Plaintiff [AKH] as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'

(Doc. 158, at 42-43 *(quoting **DuShane v. Union Nat. Bank**,* 223 Kan. 775, 759, 576 P.2d 674, 678 (1978)). As such, this case involves a greater likelihood that otherwise privileged documents are discoverable.

Given this context, the Court finds that there is sufficient need to require Gauntlett to provide additional, specific information addressing the documents implicated. The Court does not, however, find that a revised privilege log is the most efficient way to address the situation given the obviously privileged nature of communications between Gauntlett and Plaintiff AKH, Gauntlett's former client.

In the Court's previous Order requiring an *in camera* inspection of

9

documents, Plaintiff AKH was ordered to provide to the Court all communications between itself and counsel (whether coverage counsel or litigating counsel) that were withheld on the basis of the attorney-client privilege or work product doctrine that occurred from the completion of the unsuccessful mediation in September 2012 until Defendant Universal received the final draft of the settlement agreement with RT in December 2012.  (Doc. 158, at 43; Doc. 215, at 2.)  The Court finds this procedure to best address the parties' concerns as well as serve the interests of justice and judicial economy.  As such, Gauntlett is ordered to submit to the Court, for *in camera* inspection, all documents and communications between itself and Plaintiff AKH, other counsel (whether coverage counsel or litigating counsel), and/or any third parties, that were withheld on the basis of the attorney-client privilege or work product doctrine, that were created or occurred from the completion of the unsuccessful mediation in September 2012 until Defendant Universal received the final draft of the settlement agreement with RT in December 2012.

    The documents shall be delivered to the Court within **thirty (30) days** of the date of this Order in both a hard copy as well as by searchable PDF form (saved in individual pages).  The documents are to be Bates numbered.  The Court will review the communications for evidence of an intent by Plaintiff AKH to conceal

material elements of the negotiations or settlement from Defendant. To the extent Gauntlett has withheld any communications with, or documents shared with, any non-client third parties at any time on the basis of the attorney-client privilege or work product doctrine, such documents shall be produced to Defendant Universal as no privilege applies to documents shared with a third party. Any such documents shall be delivered to Defendant within **thirty (30) days** of the date of this Order in both a hard copy as well as by searchable PDF form (saved in individual pages). The documents are to be Bates numbered.

**IT IS THEREFORE ORDERED** that Universal's Motion to Compel (Doc. 282 ) is **GRANTED in part** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 27th day of July, 2015.

      S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge