**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **AKH COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 13-2003-JAR** |
| **UNIVERSAL UNDERWRITERS** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant/Counter-Claimant.** | ) | |
| _____ | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against its insurance carrier, Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action by and against AKH which UUIC defended and settled under a reservation of rights. Before the Court is AKH's Motion to Dismiss Count IX of UUIC's Fifth Amended Counterclaim (Doc. 288). The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, AKH's motion is denied.

On April 21, 2015, this Court issued an extensive Memorandum and Order ruling on the parties' motions to dismiss claims and counterclaims premised on tort liability, including the fraud counterclaim alleged in Count IX of UUIC's Fourth Amended Counterclaim.[1] As part of that Order, the Court ruled that UUIC did not plead with sufficient particularity the "who" of its fraud counterclaim. However, the Court determined that this pleading deficiency was curable by amendment, so it allowed UUIC ten days to amend as to Count IX of its Counterclaim. UUIC timely filed a Fifth Amended Counterclaim,[2] adding further content to its fraud claim. UUIC

_____

[1]Doc. 280.

[2]Doc. 281.

identifies attorneys representing AKH during the trademark case as the persons who made the affirmative misrepresentations.

AKH filed its motion to dismiss the amended fraud counterclaim on May 18, 2015, repeating the same arguments it made in its last motion to dismiss, most of which this Court has already addressed in detail and denied. For example, AKH again argues that because the parties have exchanged voluminous discovery, UUIC should be required to point to any "smoking gun" that tends to prove fraud. Once again, the Court points AKH to the proper standard of review on a motion to dismiss for failure to state a claim. The Court cannot and should not evaluate matters outside the pleadings in ruling on such a motion.[3] The fact that a party fails to produce evidence to support a claim is irrelevant to the analysis. Instead, the Court accepts the allegations in the pleading as true to determine whether it plausibly states a claim for relief. The Court therefore proceeds to consider AKH's argument that amended Count IX does not allege a plausible claim for relief because AKH cannot be held liable for misrepresentations made by its attorneys.[4]

Under Fed. R. Civ. P. 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[5] The rule's purpose is to provide

---

[3]*See* Fed. R. Civ. P. 12(d). However, the court may consider documents which are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Alvardo v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[4]AKH also repeats its argument from the last motion to dismiss that the tort claim is not independent of the contract claim. The Court will not address this argument as it was denied in the last Memorandum and Order, largely due to the parties' failure to present the Court with a choice of law analysis. AKH again presents the issue, in one paragraph of its motion, with no choice of law analysis. For the reasons already explained in detail, this aspect of the motion is denied.

[5]Fed. R. Civ. P. 9(b).

the defendant fair and adequate notice of the claim and to allow the defendant to respond on an informed basis.[6]  A fraud claim requires "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[7]  The rule allows "malice, intent, knowledge, and other condition of mind of a person" to be averred generally.[8]  "Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief."[9]

UUIC's previous pleading alleged misrepresentations by "AKH," "principles at AKH," and the "Paul Hastings" law firm.  The Court found that while AKH's alleged misrepresentations contained the "what, when, and where," of the fraud claim, none of the alleged misrepresentations identified the persons making them.[10]  UUIC's fifth amended counterclaim identifies the persons who made the alleged misrepresentations on behalf of AKH—attorneys at Gauntlett & Associates and Paul Hastings, firms that represented AKH during the underlying trademark litigation and participated in those settlement negotiations.  UUIC further alleges that these attorneys intentionally misrepresented material facts to UUIC about the settlement as

---

[6]*Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

[7]*Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)); *see also Glen Holly Enter., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).

[8]Fed. R. Civ. P. 9(b); *see Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992).

[9]*Scheidt*, 956 F.2d at 967; *see also Koch*, 203 F.3d at 1236.

[10]*See, e.g.*, *Indy Lube Inv., LLC v. Wal-Mart Stores, Inc.*, 199 F. Supp. 2d 1114, 1121 (D. Kan. 2002) (dismissing complaint for failure to allege the "who" and "where" of the fraud claim when it did not allege the particular individuals from the defendant corporation who made the misrepresentation nor stated where they were made); *Turney v. Dz Bank AG Deautche Zentral Genossenschaftsbank*, No. 09-2533, 2010 WL 3735757, at *5 (D. Kan. Sept. 20, 2010).

agents of AKH, with AKH's knowledge.  UUIC alleges that AKH principals were copied on or forwarded all correspondence that contained the alleged misrepresentations, and that AKH approved or ratified its attorneys' conduct.

The Court finds that UUIC's counterclaim states a plausible claim of fraud.  The parties generally agree that for a client to be held liable for a tort committed by the attorney, there must be some showing that the client directed, advised, consented to, or participated in the attorney's improper conduct.[11]  Again, the Court evaluates this counterclaim by assuming as true the facts alleged in the pleading and construing all inferences in favor of UUIC; UUIC need not come forward with evidence on a motion to dismiss.  Under this standard, the Fifth Amended Counterclaim sufficiently alleges that AKH consented to, approved of, or ratified its attorneys' improper conduct.  UUIC sets forth several specific communications from counsel that contain allegedly affirmative misrepresentations.  UUIC then alleges that those communications were provided to AKH principles and agents and that AKH approved of or ratified those communications.  The Court finds that these allegations are sufficient to state a claim of relief for fraud and thus the motion to dismiss is denied.

---

[11]*See, e.g.*, *Quigly v. Rosenthal*, 327 F.3d 1044, 1064 n.10 (10th Cir. 2003) (acknowledging that attorneys are both independent contractors and agents); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1095 (C.D. Cal. 2006) (explaining that vicarious liability will depend on the nature of the attorneys' actions); *Horwitz v. Holabird & Root*, 816 N.E.2d 272, 279 (Ill. 2004) ("where a plaintiff seeks to hold a client vicariously liable for the attorney's allegedly intentional tortious conduct, a plaintiff must prove facts demonstrating either that the client specifically directed, controlled, or authorized the attorney's precise method of performing the work or that the client subsequently ratified acts performed in the exercise of the attorney's independent judgment. If there is no evidence that the client directed, controlled, authorized, or ratified the attorney's allegedly tortious conduct, no vicarious liability can attach."); *Baglini v. Lauletta*, 768 A.2d 825, 839 (N.J. Super. Ct. App. Div. 2001) (holding client's liability depends on whether they direct, advise, consent to or participate in the attorney's improper conduct); *Lynn v. Superior Court*, 225 Cal. Rptr. 427, 428–29 (Cal. Ct. App. 1986) (explaining that an attorney is an independent contractor in her role as trial counsel where no showing of ratification, endorsement, or approval of the attorney's actions); Restatement (Second) of Agency § 14N cmt. a (1958) (explaining that attorneys can fall into the categories of both independent contractor and agent).

**IT IS THEREFORE ORDERED BY THE COURT** that AKH's Motion to Dismiss

Count IX of UUIC's Fifth Amended Counterclaim (Doc. 288) is **denied**.

**IT IS SO ORDERED.**

Dated: July 27, 2015

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE