## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL UNDERWRITERS ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant, ) <br> _____ ) | Case No. 13-2003-JAR-KGG |

## MEMORANDUM & ORDER ON
## DEFENDANT UNIVERSAL'S MOTION TO COMPEL

Now before the Court is Defendant Universal's "Motion to Compel and for Sanctions" (Doc. 290), regarding Plaintiff AKH's alleged failure to comply with prior Order from this Court (Doc. 276, text entry). For the reasons set forth below, the Court **GRANTS in part** this motion

**A.     Background.**

The above-captioned matter is a declaratory judgment action based on a dispute concerning insurance coverage and the settlement of a trademark dispute involving Plaintiff AKH and a third party. (*See* Doc. 1; Doc. 75, sealed, at 5-6 (underlying litigation hereinafter referred to as "RT litigation" or "RT case").) The facts of the case have been summarized by District Court and the undersigned

Magistrate Judge on numerous occasions. (*See e.g.*, Docs. 75, 300.) The Court incorporates those factual summaries herein. The Court has previously lamented the long and unnecessarily contentious history of this case. (*See* Doc. 300, at 2.) The present motion is in furtherance of that pattern.

One of the numerous discovery motions filed herein, Defendant previously sought an order compelling Plaintiff to provide five categories of materials: (1) a detailed index outlining the documents contained on the DTI Database; (2) bank statements Defendant contends were promised by Plaintiff in the meet and confer discussions; (3) invoices described in Plaintiff's December 2, 2014, Supplemental Discovery Responses; (4) reissue documents included with its discovery responses to include Bates numbers; and (5) an updated privilege log containing Bates numbers for all listed documents. (Doc. 270, at 1-2.) Defendant's motion was granted as uncontested with a text entry from the undersigned Magistrate Judge on March 11, 2015, because Plaintiff failed to respond to Defendant's motion in the time allotted by D.Kan. Rule 6.1(d)(1). Plaintiff was given until April 10, 2015, to provide all five categories of documents. (*See* Doc. 276, text entry.)

**B.    Issues Raised in Present Motion.**

Defendant brings the present motion, arguing that Plaintiff "has still failed to

produce two categories of discovery addressed" in the Court's text Order: "(1) a detailed index outlining the documents contained on the DTI Database; and (2) an updated privilege log containing Bates numbers for all listed documents." (Doc. 291, at 3.) Defendant also complains that Plaintiff "improperly withheld a number of documents that are not subject to any applicable privilege and should be produced." (*Id*.)

Defendant contends, and the Court agrees, that Plaintiff's response to the present motion was "meandering and confusing . . . ." (Doc. 297, at 1.) Plaintiff's response contains untimely and unresponsive arguments that, in the Court's view, should have been raised in response to issues contained in Defendant's prior uncontested motion (Doc. 269). Arguments regarding those issues have been waived and are foreclosed by Plaintiff's failure to respond to Defendant's prior motion in a timely manner. Further, to the extent Plaintiff is arguing as to the difficulty of complying with the Court's prior Order, the time to raise concerns about an Order entered in April has long since expired. Fed.R.Civ.P. 72(a); D. Kan. Rule 72.1.4.

The Court's prior Order unambiguously required, in part, Plaintiff to produce a detailed index outlining the documents contained on the DTI Database, and to provide an updated privilege log containing Bates numbers for all listed

3

documents. Defendant's motion is **GRANTED** in this regard and Plaintiff is again instructed to provide the required index and updated privilege log.

Defendant also argues that Plaintiff has failed to produce communications with "consultant" Rich Leibfried and an e-mail identified as document AKH003548. (Doc. 291, at 8-12.) Plaintiff's response thoroughly ignores any substantive discussion of these documents. Instead, Plaintiff merely enumerates them in a list of "new issues" raised in Universal's May 29, 2015, meet and confer, "which have not been the subject of any prior meet and confer." (Doc. 294, at 11-12.)

The Court is unsure as to the number of different meet and confer sessions in which an issue must be raised before Plaintiff would feel it had an adequate opportunity to respond. In the Court's opinion, however, Defendant adequately met its conferring requirements in this instance. Although it may have been ideal for Plaintiff to have had more than a week to respond to the issues before the present motion was filed on June 5, 2015, this does not absolve Plaintiff from raising relevant substantive arguments in response to Defendant's motion. Plaintiff's objections to producing document AKH003548 and the communications with Mr. Leibfried are waived. Defendant's motion is **GRANTED** in regard to these documents.

Even assuming Plaintiff's objections regarding Leibfried had not been waived, the Court finds that communications with him are not privileged because he is a fact witness, not an expert witness.  Citing ***ZCT Sys. Grp., Inc. v. FlightSafety Int'l***, 2010 WL 1257824, at *4 (N.D. Okla. March 26, 2010), Defendant argues that Plaintiff's "effort to shield this fact witness from discovery by identifying him as a 'consultant,' with no supporting evidence, is impermissible, especially because Mr. Leibfried has already testified as a fact witness by deposition and has been identified repeatedly by [Plaintiff] as a 'person with knowledge.'" (Doc. 291, at 8.)  The Court agrees.

Further, Plaintiff's response brief fails to address the issues surrounding Leibfried and his status as a consultant versus fact witness.  "The party seeking to assert the attorney-client privilege . . . as a bar to discovery has the burden of establishing that [the privilege] is applicable." ***Barclaysamerican Corp. v. Kane***, 746 F.2d 653, 656 (10th Cir. 1984).  By failing to address this issue in its responsive brief, Plaintiff has waived this argument.  ***AKH Co., Inc. v. Universal Underwriters Ins. Co.***, No. 13-2003-JAR-KGG, 2014 WL 2991130, at *2 (D. Kan. July 3, 2014) (citations omitted).

**C.      Sanctions.**

This brings the Court to Defendant's request for sanctions.  Fed.R.Civ.P.

37(b)(2) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Sanctions enumerated by Rule 37(b) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party . . . .

Subsection (b)(2)(C) of Rule 37 also allows the Court to Order the "disobedient party" to pay reasonable expenses relating to the underlying motion.

Defendant's motion requests "an imposed waiver of the privilege on the documents withheld by [Plaintiff] as privileged, as well as any other sanctions deemed appropriate by the Court." (Doc. 291, at 12.) The Court has found Plaintiff's claims of privilege to be waived in part as discussed above. The Court

reserves a ruling regarding the imposition of additional sanctions, if any, pending Plaintiff's compliance with the current Order.

**IT IS THEREFORE ORDERED** that Universal's Motion to Compel and for Sanctions (Doc. 290 ) is **GRANTED in part** as more fully set forth herein. Plaintiff shall provide the information as directed herein within **thirty (30) days of the date of this Order.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of August, 2015.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge