# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-2003-JAR-KGG |
| v. ) | |
| ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

## MEMORANDUM & ORDER ON THIRD PARTY
## MOTION FOR LIMITED INTERVENTION FOR PURPOSE OF
## MODIFYING PROTECTIVE ORDERS

Now before the Court is the motion (Doc. 321) filed by third-party Gauntlett & Associates ("Gauntlett") asking the Court to allow it to intervene for the purpose of modifying the protective orders entered in this case. For the reasons set forth below, the Court **DENIES** this motion.

## BACKGROUND

The above-captioned matter is a declaratory judgment action based on a dispute concerning insurance coverage and the settlement of a trademark dispute involving Plaintiff AKH and a third party. (*See* Doc. 1; Doc. 75, sealed, at 5-6 (underlying litigation hereinafter referred to as "RT litigation" or "RT case").) The factual and procedural background of this case has been summarized numerous

times, most recently in the order denying Gauntlett's Motion to Reconsider this Court's order on Defendant's Motion to Compel (Doc. 339). That summary will be incorporated herein for reference.

As stated above, Gauntlett now asks the Court to allow it to intervene for the purpose of modifying the protective orders entered in this case. Gauntlett contends that it needs access "to sealed filings, documents and other discovery materials that have been designated under either or both of [the] protective orders" currently in effect in this case. (Doc. 321, at 1.)

This Court previously ordered an *in camera* review of documents, including communications between Gauntlett and its then-client Plaintiff AKH, based on the crime-fraud exception to the attorney-client privilege. Gauntlett argues that not having access to sealed materials in this case resulted in it

> not receiv[ing] adequate notice and an opportunity to respond as required for [Gauntlett] to perform its duty under California law to assert and defend the privilege of its former client or to protect its own work product, in part because portions of the record in this case have been filed under seal and may be unknown or unavailable to [Gauntlett].

(*Id*., at 2.) These issues (Gauntlett's "duty" to defend AKH in on-going discovery matters and the protection of Gauntlett's work product) have subsequently been resolved by this Court's recent Order denying Gauntlett's Motion to Reconsider.

(*See generally* Doc. 339.)  Those arguments are now moot.

Gauntlett also argues that it should be allowed to seek modification of the protective orders in this case because it "is now facing allegations of malpractice by AKH involving [Gauntlett's] services in connection with this action." (Doc. 321, at 5; Doc. 311-2.)  Gauntlett contends that "evidence showing the conduct of this litigation is important to defense and determination of that claim on key elements such as breach of duty, causation and damages." (Doc. 321, at 5.)

While the Court is sympathetic to Gauntlett's situation facing allegations of malpractice, those issues are irrelevant to the litigation at hand.  To the degree any such information is relevant to the defense of any malpractice claims, the information can be sought by subpoena or requested through discovery in that litigation.  Further, the Court anticipates that Gauntlett already has the vast majority of the information at issue considering it was representing Plaintiff AKH during the relevant time frame.

**IT IS THEREFORE ORDERED** that Gauntlett's Motion to Intervene (Doc. 321) is **DENIED** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of November, 2015.

3

        S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge