# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC., )
)
        Plaintiff, )
) Case No. 13-2003-JAR-KGG
v. )
)
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
)
        Defendant, )
_____ )

## ORDER GRANTING
## DEFENDANT'S MOTION FOR SANCTIONS

Now before the Court is Defendant Universal Underwriters Insurance Company's "Motion for Sanctions against [Plaintiff] AKH and Its Counsel." (Doc. 343.) The motion arises out of the depositions of two AKH executives and concerns the conduct of counsel defending the depositions.

The motion raises two distinct types of issues related to the interjection of objections by Plaintiff's counsel and his concurrent instructions not to answer. The first issue requires an examination of previous rulings by this Court which found a limited waiver of the attorney-client privilege in the context of document discovery and the application of those rulings to witness examination during depositions. The Court will provide additional guidance concerning the effect of previous

rulings on depositions. The second issue is the overall conduct of Plaintiff's counsel defending these depositions. Because Plaintiff's counsel's conduct was far below that which is acceptable, the Motion for Sanctions (Doc. 343) is **GRANTED**.

The facts of this case have been recited before (see Doc. 158). Briefly, Plaintiff AKH was a defendant in litigation in California against its competitor, Reinalt-Thomas (hereinafter "RT"). Plaintiff brought a counter-claim against RT in that litigation. Plaintiff tendered the defense of RT's claim against it to Defendant Universal, which accepted the defense under reservation of rights. The California litigation was settled in 2012 through two separate but related agreements negotiated at the same time in which AKH would pay to RT $5 million, to be funded by Universal, but that RT would pay a larger sum back to AKH in settlement of the counter-claim, partly funded by the Universal payment. Universal contends that AKH and its attorneys concealed elements of the negotiations including the fact that Universal funds were being passed through RT to AKH.

The Court previously found that the evidence submitted to the Court by Universal supported a *prima facie* case that AKH had intentionally concealed the relationship between the two settlements from Universal and that it had used its

attorneys to do so.  (Doc. 158, at 42-23.)  That finding supported a conclusion that under the "crime-fraud exception" to the attorney-client and work product privileges, those privileges were waived.[1]  In considering the application of the privileges to document production, the Court ordered an *in camera* inspection of certain documents[2] for evidence of an intent by Plaintiff to conceal material elements of the negotiations or settlement from Defendant.  (Doc. 158, at 43-44.)

### **Attorney Client Privilege**

Defense counsel took the depositions of two AKH officials.  Not surprisingly, Defendant attempted to question those officials concerning matters it considered relevant to its fraud contentions.  Perhaps equally expected, Plaintiff's counsel objected to any questioning which would reveal communications between AKH officials and its attorneys, arguing that this Court's previous rulings were limited to the document production, and instructed the witnesses not to answer the questions.  It now falls to the Court to determine whether, and to what extent, its

---

[1] This Court denied a motion to reconsider this ruling, re-stating that "the Court finds a good faith, reasonable belief that Plaintiff 'obtained legal advice to further a crime or fraud.'" (Citation omitted). (Doc. 198).  The Court completed a review and ordered the production of 77 documents of over 1300 documents submitted for review.  (Doc. 215.)

[2] The Court ordered for *in camera* review the submission of documents evidencing communications between Plaintiff and its counsel that were withheld from production on the basis of attorney-client privilege or work-product doctrine that occurred between the completion of an unsuccessful mediation in September 2012 until Defendant received a final draft of the settlement agreement with RT in December 2012.  (Doc. 158, at 43.)

previous ruling impacts deposition testimony.

Initially, it is clear that the Court's previous finding concerning the application of the fraud exception to the attorney-client privilege remains effective. That finding applies to **all** discovery in this case, including discovery sought through depositions.

The application of that exception in a deposition is more challenging. The Court and parties do not have the safe-guard of an *in camera* review of each question and potential answer to screen the discovery for relevance to the fraud theory. The Court will, therefore, provide some guidance to be applied in depositions in this case.[3]

Defendant must be permitted to complete discovery into whether the specific and narrow fraudulent acts (from which the Court found a *prima facie* case has been established) in fact occurred. That specific issue is whether AKH and its attorneys intentionally concealed material elements of the settlement negotiations between AKH and RT in order to receive a contribution to that settlement by Defendant. For the purpose of depositions, Defendants are permitted to ask AKH

---

[3] The guidance provided herein should be sufficient to allow the parties to resolve any resulting issues that may occur during the depositions without further intervention by the Court. If specific disagreements occur, however, the parties may call the undersigned Magistrate Judge for further guidance during the course of the depositions.

and its officials and attorneys about communications between and among them which would otherwise be privileged as attorney-client communications (or protected under the work-product doctrine) concerning the specific subject matter of negotiating a settlement with RT.  This includes the potential terms of any considered settlement or settlement strategy, any offers, potential offers or negotiations, and evaluations of the claims and counter-claims in the California litigation.  At this time, the Court does not find that the waiver extends to communications concerning insurance coverage issues between Defendant and Plaintiff.

The waiver also only applies to communications  occurred between the completion of an unsuccessful mediation in September 2012 until Defendant received a final draft of the settlement agreement with RT in December 2012.  This is the same time period applied to the previous document production.  In an effort to illustrate this ruling, the Court will rule specifically on objections based on attorney-client privilege which were asserted in the depositions.  (*See* Appendix.)  While the Court finds that the guidance provided herein is necessary and justifies the re-taking of these depositions, the Court does not find the Plaintiff's position in this regard frivolous or in bad faith, and will not order sanctions based on this

issue.[4]

## Conduct of Plaintiff's Counsel

The vast majority of objections made by Plaintiff's counsel during these depositions did not relate to the privilege issues described above. These objections were based on often ersatz "form" objections, and the following: compound, asked and answered, overbroad, trade secrets, privacy, speculation, lack of foundation, argumentative, "untrue," misstates the testimony, "I don't know what that means," vague, ambiguous, out of context, assumes facts not in evidence, the document speaks for itself, misstates the document, improper or incomplete hypothetical, legal conclusion, improper hypothetical, calls for expert opinion. Outright coaching occurred (*e.g.,* "It's a 'yes' or 'no'." "Do you know that or are you assuming?" "Are you making an assumption now or are you assuming?" "If you're not sure or you don't know, just say so." "That's a new question." Answer "if you know."). Simple harassment of the questioner also occurred (*e.g.*, "Let's move on." "Next question." "What are you talking about?" "Bad question." "Ask a good question."). Objections were frequently launched in meaningless salvos.

---

[4] Some attorney-client objections interposed during the depositions deserve analysis under the next section of this opinion because, regardless of the discussed exception, they do not implicate attorney-client communications. This includes an objection to asking a witness whether he had read or was aware of pleadings and claims in this case. Such a question does not implicate the privilege.

Plaintiff's counsel repeatedly instructed the witnesses not the answer without an objection based on privilege, usually based on objections that a question had been asked and answered, but also based on questions counsel considered unclear or that lacked foundation. He provided answers before the witness responded, essentially testifying. (*See e.g.*, Andorian, H. deposition, Doc. 354, sealed, at 120.)  The witnesses were frequently confused and often changed or amended answers after objections.  The attorneys seemed to spend as much time arguing over objections as examining the witness.  When examining counsel complained, Plaintiff's counsel claimed he was just "doing his job."  The Court disagrees.

Federal Rule of Civil Procedure 30(c)(2) provides that objections taken during a deposition are noted on the record, but that the deposition proceeds with the testimony taken subject to the deposition.  "An objection must be stated concisely in a nonargumentative and nonsuggestive manner."  Fed.R.Civ.P. 30(c)(2).  Form objections must be made at the time of the deposition to avoid waiver because they can be corrected at that time.  Fed.R.Civ.P. 30(d)(3)(B). Objections to relevance or materiality are not waived by a failure to object during the deposition.  Fed.R.Civ.P. 32(d)(3)(A).  An instruction not to answer is appropriate only when necessary to preserve a privilege, to enforce a limitation

7

ordered by the court, or to present a motion to terminate or limit a deposition being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party. Fed.R.Civ.P. 30(c)(3), (30)(d)(3).[5]

To promote these principals, and to facilitate the efficient and fair conduct of depositions, this Court has promulgated Deposition Guidelines, which provide, in part:

> Objections shall be concise and shall not suggest answers to or otherwise coach the deponent. Argumentative interruptions will not be permitted. The only objections that should be asserted are those involving privilege or work product protection or some matter that maybe remedied if presented at the time, such as an objection to the form of the question or the responsiveness of the answer. Other objections shall be avoided unless the deposition is being taken for the express purpose of preserving testimony.

Deposition Guidelines of the United States District Court for the District of Kansas, ¶ 5(a). *See also*, ***Cincinnati Insurance Co. v. Serrano***, 11-2075-JAR-KGG, 2012 WL 29071 (D. Kan. 2012). The Scheduling Order in the present case mandates the application of these guidelines. (Doc. 112, at 4.)

The Guidelines support Rules 30 and 32 by highlighting some important concepts. One is to prohibit objections which suggest answers to or otherwise

---

[5] No such motion was filed and would not have been appropriate.

coach the witness, commonly called "speaking objections." The other is to make clear that objections which need not be made to preserve the objection under Rule 32 should not be made in a discovery deposition. The Guidelines also prohibit argumentative interruptions. "Both the Rules and the Guidelines require objections to be concise, non-argumentative and non-suggestive. Implicit in the rule and explicit in the Guidelines is that counsel will cooperate and be courteous to each other and to deponents." ***Ash Grove Cement Co. v. Wausau Insurance Co.***, No. 05-2339-JWL-GLR, 2007 WL 689576 (D. Kan. 2007).

It is neither efficient nor necessary for the Court to separately catalogue and critique every improper objection in this case. Nearly every objection made by Plaintiff's counsel in this case was improper, except for some of the privilege objections discussed in the previous section. Relevance (foundation) objections of all stripes are improper.[6] Coaching and speaking objections are prohibited. It is improper to instruct a witness not to answer a question because it lacks foundation or has been asked and answered. Counsel committed every infraction decried by this Court in the ***Serrano*** case, and more. In the few instances in which a form

---

[6] Generously interpreted, the following objections were improper relevance or foundation objections: overbroad, speculation, lack of foundation, misstates the testimony, out of context, assumes facts not in evidence, the document speaks for itself, misstates the document, improper or incomplete hypothetical, legal conclusion, improper hypothetical, calls for expert opinion.

9

objection might have had some merit, it was so encumbered by improper speaking objections as to render its evaluation by the questioner, or this Court, impossible. Generally, counsel impeded the deposition, confused the witnesses and their answers, wasted the time of counsel and witnesses, and was rude and unprofessional to opposing counsel.  The resulting transcripts from these depositions may be relatively useless.  Not surprisingly, Plaintiff's memorandum in response to the present motion makes no attempt to defend or justify the conduct discussed in this section.

The Court "may impose an appropriate sanction . . . on a person who impedes, delays or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2).  This is an appropriate case for the imposition of sanctions.  In imposing sanctions, however, the Court is mindful that the Court's ruling on the privilege issues (which is not the basis for sanctions) likely independently requires new depositions of these witnesses and will, therefore, not assess the complete costs of the depositions to Plaintiff or its counsel. The Court finds the following sanctions appropriate:

> 1. Defendant may re-depose the two witnesses whose depositions are the subject of this ruling.  Such depositions are not limited in subject matter, and counsel may re-visit topics examining

        counsel attempted to cover during the initial depositions or include new topics.

2.    One-half of the costs of the court reporter, and one half of the attorney fees which were incurred by the Defendant during the two original subject depositions are assessed in favor of Defendant and against the examining attorney, Mr. Chorbajian. This does not include attorney preparation or travel costs. The parties shall confer in an attempt to agree to the amount of this sanction. Defendant may apply to this Court for an award of these costs.

3.    Mr. Chorbajian is admitted *pro hac vice* in this case. Going forward, District of Kansas ("local") counsel must appear with Mr. Chorbajian in all depositions in which he participates to assure his compliance with this Court's rules, orders and guidelines. Local counsel, not Mr. Chorbajian, shall serve as counsel in the re-deposition of the two witnesses who are the subject of this order. Mr. Chorbajian may be present but will not be allowed to speak on the record.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions

(Doc. 343) is **GRANTED** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 12th day of January, 2016.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

**Appendix- Rulings on Privilege Objections**

The Court enters the following rulings on objections based on the attorney-client privilege or the work-product doctrine.

Schaeper Deposition (Doc. 354-1, sealed.)

| Page | Lines | Ruling |
| --- | --- | --- |
| 20 | 9-19 | Sustained.  Not limited to the period specified. This question is proper if so limited. |
| 27 | 3-11 | Sustained.  Beyond the subject-matter scope of the waiver. |
| 95 | 14-18 | Sustained. Beyond the subject-matter scope of the waiver. |
| 150 | 17-21 | Overruled.  The witness should answer. |
| 157 | 17-220 | Sustained. Beyond the subject-matter scope of the waiver. |
| 171 | 5-17 | Overruled. The witness should answer. |
|  |  |  |

H. Andonian deposition

| Page | Lines | Ruling |
| --- | --- | --- |
| 85 | 1-10 | Moot. Witness answered. |
| 175 | 1-5 | Overruled. The witness should answer. |
| 186 | 18-23 | Sustained. Beyond the scope of the waiver. |
| 189 | 5-16 | Overruled. The witness should answer. |

| 190 | 11-17 | Overruled. The witness should answer. |
| 193 | 8-13 | Sustained. Beyond the scope of the waiver. |
| 194 | 17- 196:10 | Sustained. Beyond the scope of the waiver. |
| 197 | 10-21 | Overruled. Not covered by privilege. |
| 200 | 7-12 | Overruled. Not covered by privilege. |
| 203 | 3 - 204:2 | Overruled. The witness should answer. |
| 204 | 12-19 | Overruled. The witness should answer. |
| 205 | 8-12 | Overruled. The witness should answer. |
| 211 | 16-21 | Overruled. The witness should answer. |
| 241 | 25 - 242:4 | Overruled. The witness should answer. |
| 247 | 11-16 | Overruled. Question is not privileged. |
| 261 | 21-25 | Overruled. Question is not privileged. |
| 265 | 11-14 | Sustained without prejudice to re-visit if showing of relevancy is made. |
| 267 | 18-21 | Sustained without prejudice to re-visit if showing of relevancy is made. |
| 268 | 22 - 270:1 | Sustained without prejudice to re-visit if showing of relevancy is made |