## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AKH COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-2003-JAR-KGG |
| v. | ) | |
| | ) | |
| UNIVERSAL UNDERWRITERS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER DENYING
## MOTION TO RECONSIDER MEMORANDUM AND ORDER
## ON THIRD-PARTY MOTION FOR LIMITED INTERVENTION FOR
## <u>PURPOSE OF MODIFYING PROTECTIVE ORDERS</u>

Now before the Court is the motion (Doc. 360) filed by third-party Gauntlett

& Associates ("Gauntlett") asking the Court reconsider its prior Memorandum &

Order denying Gauntlett's motion to allow it to intervene for the purpose of

modifying the protective orders entered in this case.  For the reasons set forth

below, the Court **DENIES** this motion.

The above-captioned matter is a declaratory judgment action based on a

dispute concerning insurance coverage and the settlement of a trademark dispute

involving Plaintiff AKH and a third party.  (*See* Doc. 1; Doc. 75, sealed, at 5-6

(underlying litigation hereinafter referred to as "RT litigation" or "RT case").)  The

factual and procedural background of this case has been summarized numerous times, including in the order denying Gauntlett's Motion to Reconsider this Court's order on Defendant's Motion to Compel (Doc. 339).  That summary is incorporated herein for reference.

## A.     Standards on Motions to Reconsider.

District of Kansas Local Rule 7.3(b) governs motions to reconsider.  It states, in relevant part, that "[a] motion to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  This District has previously held that

> [r]evisiting the issues already addressed is not the
> purpose of a motion to reconsider, and advancing new
> arguments or supporting facts which were otherwise
> available for presentation when the original summary
> judgment motion was briefed is likewise inappropriate.

*Comeau v. Rupp*, 810 F.Supp. 1172 (D.Kan.1992) (internal citations and quotes omitted).  Stated another way, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."  *Eastman v. Coffeyville Resources Refining & Marketing, LLC*, No. 10—1216, 2011 WL 972487, at *1 (D.Kan. March 16, 2011) (*quoting* *Cline v. S. Star Cent. Gas Pipeline*, 370 F.Supp.2d 1130, 1132 (D.Kan.2005)).

Gauntlett has failed to put forth a change in the law, present new evidence, or establish the existence of clear error or manifest injustice. There is no argument of a change in the applicable law.  Further, although the Court is aware that Gauntlett is – again – clearly unhappy with one of the Court's decisions, Gauntlett has failed to establish the existence of clear error or manifest injustice, as discussed below.

**B.      Underlying Motion for Limited Intervention (Doc. 321).**

In the underlying motion, Gauntlett asked the Court to allow it to intervene for the purpose of modifying the protective orders entered in this case.  Gauntlett contended it needs access "to sealed filings, documents and other discovery materials that have been designated under either or both of [the] protective orders" currently in effect in this case.  (Doc. 321, at 1.)  For the reasons summarized herein, the Court denied that motion by Memorandum and Order dated November 24, 2015.  (Doc. 350.)

In the underlying motion, Gauntlett raised the issue of the *in camera* review of documents previously ordered by the undersigned Magistrate Judge, which included communications between Gauntlett and its then-client Plaintiff AKH, based on the crime-fraud exception to the attorney-client privilege.  Gauntlett argued that not having access to sealed materials in this case resulted in it

> not receiv[ing] adequate notice and an opportunity to
> respond as required for [Gauntlett] to perform its duty
> under California law to assert and defend the privilege of
> its former client or to protect its own work product, in
> part because portions of the record in this case have been
> filed under seal and may be unknown or unavailable to
> [Gauntlett].

(*Id*., at 2.)  The Court found that issues (Gauntlett's "duty" to defend AKH in on-going discovery matters and the protection of Gauntlett's work product) were subsequently resolved by this Court's Order denying another Motion to Reconsider filed by Gauntlett.  (*See generally* Doc. 339.)  As such, the Court's underlying Order on the motion for limited intervention held that those are arguments were moot.  The present motion does not seek reconsideration on these grounds.

Gauntlett also argued that it should be allowed to seek modification of the protective orders in this case because it "is now facing allegations of malpractice by AKH involving [Gauntlett's] services in connection with this action."  (Doc. 321, at 5; Doc. 311-2.)  Gauntlett contended that "evidence showing the conduct of this litigation is important to defense and determination of that claim on key elements such as breach of duty, causation and damages."  (Doc. 321, at 5.)

The Court, while sympathetic to Gauntlett's situation, held that those issues are irrelevant to the litigation at hand.  (*See* Doc. 350.)  The Court held that to the degree any such information is relevant to the defense of any malpractice claims,

the information can be sought by subpoena or requested through discovery in that

litigation.  Finally, the Court surmised that Gauntlett already had the vast majority

of the information at issue because of its representation of Plaintiff AKH during

the relevant time frame.  For these reasons, the Court denied the underlying Motion

for Limited Intervention (Doc. 321).

## C.      Motion to Reconsider (Doc. 360).

Gauntlett's first argument is that this Court erred in relying on the fact that

the issues relating to Gauntlett's potential malpractice claim are irrelevant to the

issues contained in the present lawsuit.  Gauntlett cited the case of *United Nuclear*

*Corp. v. Cranford Ins. Co*. for the proposition that "*no particularly strong nexus of*

*fact or law need exist between the two suits*" in the situation in which "a collateral

litigant seeks permissive intervention solely to gain access to discovery subject to a

protective order . . . ."  (Doc. 360, at 2, (citing 905 F.2d 1424, 1427 (10th Cir.

1990) (emphasis supplied by Gauntlett)).

Gauntlett's reasoning fails to acknowledge, however, that permissive joinder

pursuant to Fed.R.Civ.P. 24 is "a matter within the sound discretion of the district

court . . . ."  *United Nuclear Corp*., 905 F.2d at 1427.  A court's ruling on the issue

of permissive joinder will not be disturbed "except upon a 'showing of clear

abuse.'" *Id*. (*citing Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir.1978)).  While

*United Nuclear* holds that no particularly strong nexus of fact or law is required for a court to *allow* joinder, this does not mean, as Gauntlett would like the Court to believe, that a court is unable to *deny* intervention for the reason that little or no nexus exists.

Further, the Court has broad discretion to fulfill its duty to "insure the expeditious and sound management of the preparation of cases for trial."  *Cf. In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (discussing the trial court's ability to impose sanctions as an indicator of the court's "high duty" to expeditiously prepare its cases for trial).  Because of the continually highly contentious nature of the present litigation, the Court finds that allowing intervention would run counter to its duty to expeditiously manage these proceedings.  Given the Court's additional findings below, it is confident that this determination poses no undue hardship to Gauntlett.

Gauntlett next argues that the undersigned Magistrate erred in finding that "[t]o the degree any such information is relevant to the defense of any malpractice claims, the information can be sought by subpoena or requested through discovery in that litigation."  (*See* Doc. 360, at 3, citing Doc. 350 at 3.) Gauntlett argues that, according to the Tenth Circuit, "a person seeking access to restricted documents 'must seek redress . . . through a motion to the court that

sealed the documents, asking that court to unseal them.'"   (Doc. 360, at 3 (citing

*U.S. v. Pickard*, 733 F.3d 1297, 1301 (10th Cir. 2013)).  For the sake of

clarification, the Court states that **nothing in the Protective Orders or findings of**

**privilege entered in the present litigation shall prohibit Gauntlett (or any**

**other person or entity) from engaging in independent discovery in other**

**litigation in which the presiding Court determines the documents and/or**

**information to be relevant**, including, but not limited to, the malpractice litigation

in which Gauntlett is currently embroiled. Gauntlett will not, however, be

permitted to seek discovery from this Court.

Finally, Gauntlett argues that this Court was incorrect in denying

intervention because it anticipated that Gauntlett "already has the vast majority

of the information at issue considering it was representing Plaintiff AKH during

the relevant time frame."  (Doc. 350 at 3.)  Given the Court's clarification that

documents subject to a Protective Order in the present case are not prohibited from

being discovered in other litigation, the Court finds Gauntlett's final argument to

be moot.

   **IT IS THEREFORE ORDERED** that Gauntlett's Motion to Reconsider

Memorandum and Order on Motion to Intervene (Doc. 360) is **DENIED** as more

fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of January, 2016.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
