## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 13-2003-JAR-KGG |
| ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |
| _____ ) | |

## ORDER ON MOTION TO COMPEL

Now before the Court is Defendant's "Motion Challenging the Sufficiency of AKH's Responses to Universal's Second Requests for Admissions." (Doc. 357.) Having reviewed the submissions of the parties and the attachments thereto, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## BACKGROUND

The above-captioned matter is a declaratory judgment action based on a dispute concerning insurance coverage and the settlement of a trademark dispute involving Plaintiff AKH and a third party. (*See* Doc. 1; Doc. 75, sealed, at 5-6 (underlying litigation hereinafter referred to as "RT litigation" or "RT case).) The factual and procedural background of this case has been summarized numerous times, including in the order denying Gauntlett's Motion to Reconsider this Court's

order on Defendant's Motion to Compel (Doc. 339). That summary is incorporated herein for reference.

Defendant moves the Court for an Order compelling Plaintiff to provide full and complete responses to several of its Requests for Admissions. (Doc. 121.) Specifically, Defendant asserts that

> AKH took advantage of Universal's objections to its initial responses in two key and improper ways: (1) to withdraw or amend many of its admissions without seeking leave of this Court; and (2) to assert new objections that certain requests 'seek an admission about a conclusion of law or a central fact in dispute,' changing the prior answer to a much more convoluted response. Further, AKH failed to fix the majority of the problems in its original responses, so that many of its responses still fail to answer the question asked.

(Doc. 358, at 4.)

## DISCUSSION

**A.   Standards for Responses to Requests for Admission.**

Requests for Admission are governed by Federal Rule of Civil Procedure 36. The rule allows a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(1)(1).

According to the advisory committee notes to Rule 36, Requests for

Admission serve "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 advisory committee's note (1970 Amendment). "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Audiotext Comm'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625744, at * 1 (D.Kan. Oct. 5, 1995) (quoting *Hurt v. Coyne Cylinder Co*., 124 F.R.D. 614, 615 (W.D. Tenn.1989)).

Fed.R.Civ.P. 36(a)(5) mandates that a responding party must state their grounds for objecting to a request for admission. Subsection (6) of the rule relates to motions regarding the sufficiency of responses and states that "[u]nless the court finds an objection justified, it must order that an answer be served." The rule continues that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."

**B.**     **Plaintiff's revisions to RFA responses.**

Subsection (b) of Rule 36 relates to the effect of an admission and the procedure for withdrawing or amending prior admissions. This portion of the rule states that

> **[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended**. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

(*Id*. (emphasis added).) Thus, the rule unequivocally states that an admission may not be changed or withdrawn absent permission of the Court.

Plaintiff's contention that Defendant "invited" Plaintiff to amend its responses (*see* Doc. 365, at 2, 3) is irrelevant as the Federal Rules do not provide for such an "invitation."[1] Plaintiff unilaterally withdrew its admissions to Requests Nos. 64, 65, 75, 109, 145, 172, 249, and 250 and denied these Requests without seeking permission of the Court. (*Compare* Doc. 358-3 to Doc. 358-3.) Plaintiff's denials are clearly improper pursuant to the Federal Rules. As such, the amended responses to these requests are **stricken** and these requests remain **admitted** in the

---

[1] D. Kan. Rule 37.2 requires the conference in which the parties participated. Agreed amendments to responses resulting from the meeting would have been proper. Such is not the case here, however, as Defendant disputes Plaintiff's amendments.

form of the initial responses with the following caveat. (*See* Doc. 358-2.)

The Court would have found Plaintiff's initial responses to Requests No. 64 and 65 to be nonresponsive. While Plaintiff may not unilaterally change admissions, the Court cannot accept the initial answers because they are nonresponsive. The Court would merely instruct Plaintiff to answer the Requests. As such, Plaintiff's amended responses to Requests Nos. 64 and 65, which are now denials (including explanations), are appropriate. Plaintiff's initial responses to Requests 75, 109, 145, 172, 249, and 250 are, however, reinstated.

Plaintiff's altered and qualified admissions to Requests 60 - 63, 66 - 70, 103, and 104 are also, by and large, inappropriate. (*Compare* Doc. 358-2 to Doc. 358-3.) Plaintiff's revisions were improper pursuant to the Federal Rules because any amended response can only occur upon the Court granting a motion to do so. Any alleged "invitation" by Defendant is irrelevant absent an order from the Court granting permission to revise the answers.

In addition, any objections Plaintiff may have had to the requests – such as the admissions being vague, overbroad or "abstract" – existed prior to Plaintiff's revised responses and should have been raised initially. The failure to do so waived these responses. *C.f.* ***Anderson v. United Parcel Service, Inc.***, No. 09–2562–KHV–DJW, 2010 WL 4822564, at n.11 (D.Kan. Nov. 22, 2010) (citing

*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D.Kan.2005) (holding that it is "well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

As such, the amended responses to the Requests 60 - 62, 66 - 70, 103, and 104 are **stricken** and these requests remain **admitted** in the form of the initial responses.[2] (*See* Doc. 358-2.) The Court finds Plaintiff's initial response to Request No. 63 to be nonresponsive. Plaintiff's objections are overruled, however. Plaintiff is instructed to provide a new response to Request No. 63, without objection (*see* additional discussion of these objections, *infra*).

**C.     Objections based on "ultimate issue" or "conclusions of law."**

Even assuming the Court would allow certain revised admission responses absent the required motion, several of Plaintiff's newly-raised objections are facially improper. Specifically, Defendant alerts the Court to the fact that Plaintiff's revised – and qualified – responses include "lengthy, multiparagraph [sic] objections that the 'request seeks an admission about a conclusion of law or a central fact in dispute' and that the issue in question 'remains in dispute.'" (Doc.

---

[2] The Court finds any qualifications in the original responses to be appropriate under Rule 36(a)(4).

358, at 6-7; *see* Doc. 358-3, regarding Requests Nos. 60 - 63, 66 - 70, 103, and 104.)

Defendant is accurate in asserting that "'[a]s a general rule, requests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'" (Doc. 358, at 7-8, quoting **Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.**, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *5 (D. Kan. Oct. 29, (2007) (internal citation omitted).) Defendant also correctly argues that it is improper for Plaintiff to object that a request "seeks an admission about . . . a central fact in dispute." *See* **Audiotext Communications Network, Inc. v. US Telecom, Inc.**, No. 94-2395-GTV, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995) (holding that "[i]t is not a proper ground for objection that the matter presents a genuine issue for trial; the party must admit or deny it or state the reason why it cannot be admitted or denied"). The Court thus strikes any such objections contained in Plaintiff's responses. (*See* Doc. 358-3, responses to Requests Nos. 60 - 63, 66 - 70, 103, and 104.)

**D.   Failure to Answer Question Asked.**

Finally, Defendant argues that "[i]n twenty-one of its Amended Responses, AKH did provide an answer but not one that was responsive to the question

7

asked." (Doc. 358, at 10.) Attached to Defendant's motion is a chart enumerating the Requests – and responses – at issue. (Doc. 358-6.)

As an example, Defendant refers the Court to Plaintiff's response to Request No. 183, which asked Plaintiff to admit that " Gauntlett & Associates engaged in a boldly reckless pattern of communications with Universal." (Doc. 358, at 10-11; Doc. 358-3, at 30-31.) Rather than admit or deny the allegation, as required by Fed.R.Civ.P. 36, Plaintiff responded, "[a]dmit that AKH has made those allegations in its complaint against Gauntlett and Associates based on Universal's assertions in the instant action." (*Id*.) Plaintiff made similar responses to several other Requests. (*See* Doc. 358-3, regarding responses to Request No. 185, 187, 189, and 203.)

This does not answer the Request and is clearly improper. As Defendant argues, its "requests did not seek confirmation as to what AKH alleged in its complaint:  they asked whether the event as alleged actually occurred." (Doc. 358, at 11.) Any and all such responses merely referring to allegations contained in pleadings, including to Requests Nos. 183, 185, 187, 189, and 203, are **stricken** and Plaintiff is directed to provide responses that comply with Fed.R.Civ.P. 36 forthwith.

Upon review of the remaining Requests at issue, the Court finds that the

following responses are at best evasive and at worst blatantly disregard the requirements of Fed.R.Civ.P. 36: Nos. 88, 95 - 98, 173 - 175, 183, 185, 187, 189, and 203. Plaintiff's responses to these requests typically ignore the very specifics of the subjects about which Defendant is inquiring. (*See, e.g.*, Plaintiff's responses to Requests Nos. 96 - 98 (ignoring the word "agreed"), and Nos. 173 and 174 (ignoring the words "authorized" and "authority"), etc.)

This Court has previously held that a party is not entitled to simply rewrite the Requests to suit its own purposes. **Helget v. City of Hays, Kansas**, 300 F.R.D. 496, 502-503 (D. Kan. 2014) (finding RFA responses that reworded the request or were evasive to be improper). The responses to Requests Nos. 88, 95 - 98, 173 - 175, 183, 185, 187, 189, and 203 are **stricken** and Plaintiff is directed to provide responses that comply with Fed.R.Civ.P. 36 forthwith.[3]

The Court agrees with Plaintiff that Requests Nos. Requests 82 - 84, 161, 162, and 166 are vague and ambiguous. The Court therefore **sustains** Plaintiff's objections to these Requests. The Court finds that Plaintiff's objection to the vagueness and ambiguity of Request No. 209 to be warranted. The Request states,

---

[3] The Court is not ordering that these Requests must be admitted. Plaintiff is merely instructed to respond truthfully, regardless of whether it is an admission or a denial. However, to the extent Plaintiff intends to deny the same, it is required to specifically deny the Request or state in detail why it cannot truthfully admit or deny it. Fed.R.Civ.P. 36(a)(4).

9

"[a]dmit that the 'demand letter' from RT's counsel presented to Universal was not the one settlement discussion underway." (Doc. 358-3, at 35.) Clearly there is a typographical or grammatical error contained in the Request. As worded, it is unintelligible. Plaintiff's objection to Request No. 209 is **sustained**.

The final Request at issue is No. 251, asking Plaintiff to "[a]dmit that Exhibit A attached hereto is a true, correct, and genuine copy of the ORIGINAL POLICY." (Doc. 358-3, at 42.) Plaintiff responds that it "[c]an neither admit nor deny if Exhibit A is the ORIGINAL POLICY." (*Id.*) Plaintiff's response is both disingenuous and incomplete. The Court fails to see *why* Plaintiff cannot determine if the copy attached is a genuine copy of the original policy. The Court surmises that Plaintiff has possession, custody, or control of the original policy (or a genuine copy thereof) and should have no problem comparing the two documents to provide an answer. If, for some unforeseen reason, Plaintiff is legitimately unable to determine if the exhibit is a genuine copy of the original policy, Plaintiff is required to explain why it cannot make this determination. Plaintiff's response to Request No. 251 is **stricken** and Plaintiff is directed to provide a response that complies with Fed.R.Civ.P. 36 forthwith.

IT IS THEREFORE ORDERED that Defendant's "Motion Challenging the Sufficiency of AKH's Responses to Universal's Second Requests for Admissions"

(Doc. 357) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.  Plaintiff shall provide the requisite discovery responses on or before **February 29, 2016**.

    **IT IS SO ORDERED**.

Dated this 29th day of January, 2016.

                                 S/ KENNETH G. GALE
                                 Kenneth G. Gale
                                 United States Magistrate Judge