IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL UNDERWRITERS ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant, ) <br> _____ ) | Case No. 13-2003-JAR-KGG |

## **ORDER ON *IN CAMERA* INSPECTION**

In accordance with its previous ruling (Doc. 300) regarding Defendant's Motion to Compel (Doc. 282) as well as the ruling (Doc. 339) on the Motion to Reconsider filed by third-party Gauntlett & Associates (Doc. 306), the Court has reviewed, *in camera*, the documents it ordered to be produced by third-party Gauntlett. The underlying motions relate to a third-party subpoena issued by Defendant to Gauntlett, a law firm that previously represented Plaintiff.

In previous Orders issued by the Court in this matter, the undersigned Magistrate Judge held that the facts presented by Defendant, "taken as a whole, establish a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege – false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable

obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'" (*See* Doc. 158, at 42-43 *(quoting **DuShane v. Union Nat. Bank**,* 223 Kan. 775, 759, 576 P.2d 674, 678 (1978)).[1]  The Court mandated parameters for an *in camera* inspection of certain documents from Plaintiff.  Plaintiff was ordered to provide to the Court all communications between itself and counsel (whether coverage counsel or litigating counsel) that were withheld on the basis of the attorney-client privilege or work product doctrine that occurred from the completion of the unsuccessful mediation in September 2012 until Defendant received the final draft of the settlement agreement with RT in December 2012. (*See* Doc. 300.)  The same parameters were used by the Court in regard to the documents from Gauntlett discussed herein.  (*See* Doc. 339, at 21.)

Plaintiff has produced, and the Court has reviewed, over 3,700 pages of documents, consisting mainly of copies of e-mail communications, as well as correspondence, drafts of documents, handwritten notes, etc.  The Court reviewed the documents for evidence of an intent by Plaintiff and/or those acting on its behalf to conceal material elements of the negotiations or settlement from Defendant.  The Court has found the following documents to be relevant to Defendant's theory and, therefore, discoverable:

---

[1] As stated previously by the Court, the facts previously presented by Defendant do not, *per se*, establish fraud.  Rather, standing alone and unrebutted, they would create a *prima facie* case of fraud.

G&A100001-02
G&A100105
G&A100111-16
G&A100123-24
G&A100125-26
G&A100136-37
G&A100161
G&A100162
G&A100163-68
G&A100169-70
G&A100403-05
G&A100410-11
G&A100412-16
G&A100417-20
G&A100436-38
G&A100461-68
G&A100469-70
G&A100504-07
G&A100508-10
G&A100517-18
G&A100672-82
G&A100683-92
G&A100703-7-11
G&A100712-19
G&A100720-27
G&A100804-06
G&A100807
G&A100808-10
G&A100820-22
G&A100857-58
G&A100859-61
G&A100862-64
G&A100865-68
G&A100875-76
G&A100877
G&A100885-90
G&A101021-33
G&A101052-54
G&A101055-58

G&A101072-73
G&A101097-98
G&A101131-35
G&A101141-44
G&A101167-79
G&A101349-50
G&A101351-52
G&A101353-55
G&A101359-62
G&A101363-65
G&A101369-70
G&A101373
G&A101384-89
G&A101396-1400
G&A101406-07
G&A101466-67
G&A101590-91
G&A101608-17
G&A101618-26
G&A101712-14
G&A101717-20
G&A101721-25
G&A101787-89
G&A101790-92
G&A101807-08
G&A101809-11
G&A102300-01
G&A102411-12
G&A102413-14
G&A102459-60
G&A102469-70
G&A102494-95
G&A102703-13
G&A102751-58
G&A102852-54
G&A102901-07
G&A102933-34
G&A102935-36
G&A102976-78

    G&A103002-04
    G&A103137-38
    G&A103299-300
    G&A103353-60
    G&A103448-49
    G&A103450-95
    G&A103496-502
    G&A103513
    G&A103565-66
    G&A103586
    G&A10364-45

The documents shall be provided to Defendant, at the office of defense counsel, **within 2 weeks of the date of this Order**.[2]  All of these documents are to be produced as "Confidential" under the existing Protective Order.

Additional documents reviewed *in camera* may be relevant to Plaintiff's defense of Defendant's theory.  The Court will not, however, hold the privilege waived as to such documents.  Plaintiff has previously been instructed that in the event it intends to use such documents as evidence, it must produce the same.

**IT IS THEREFORE ORDERED** that, pursuant to the Court's previous Orders (Docs. 300, 339) granting Defendant's Motion to Compel (Doc. 282), the above enumerated documents are to be produced forthwith.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of April, 2016.

---

[2] The Court reiterates that the documents do not, in and of themselves, establish fraud.  Rather, standing alone and unrebutted, the documents may create a *prima facie* case of fraud.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge