IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., | |
| **Plaintiff/Counter-Defendant,** | |
| **v.** | Case No. 13-2003-JAR-KGG |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | |
| **Defendant/Counter-Claimant.** | |

## MEMORANDUM AND ORDER

This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against its insurance carrier, Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action by and against AKH that UUIC defended and settled under a reservation of rights. Before the Court is Plaintiff AKH's Objection to Order and Report and Recommendation on Renewed Motion for Sanctions (Doc. 379), issued by Magistrate Judge Gale on January 29, 2016. Defendant UUIC has responded. After considering the parties' briefs, the Court overrules and denies AKH's objection as described more fully below, and adopts Magistrate Judge Gale's Report and Recommendation (Doc. 375).

## I.      Background

As part of the underlying trademark litigation, AKH retained the services of a document management company (DTI) because of the large number of documents involved. Because these documents related to both the defense of the claims against AKH and to the claims of AKH against UUIC, there was apparently an agreement to share the costs of those services. Whether the parties fulfilled their duties as to that agreement is one of the many substantive issues in the present case. However, a pending substantial claim for services by DTI against AKH has

resulted in a compromise of AKH's access to documents maintained by DTI.  Some of these documents are the subject of discovery in the present case.

On September 10, 2014, UUIC issued its Third Set of Requests for Production.  Some of AKH's responses referenced documents that it claimed were in the possession of DTI and therefore not in its "control," but which "could be subpoenaed."  After meeting and conferring to resolve discovery disputes, AKH agreed to provide an index identifying documents it claimed were responsive but unattainable due to its dispute with DTI.  On February 23, 2015, UUIC moved to compel several items, including a detailed index outlining the documents contained on the DTI database, and an updated privilege log after certain documents were reissued to include Bates numbering. The court granted this motion as unopposed on March 11, 2015, because no response was filed by AKH.

On June 5, 2015, UUIC moved to compel and sought sanctions, asserting the AKH had not complied with Judge Gale's March 11, 2015 Order.  In addition to other problems, neither the DTI documents index nor the updated privilege log had been produced.  AKH responded that the ESI search was voluminous, and that it had been "locked out" of some cooperation by DTI because of unpaid invoices, some of which AKH claimed were a result of UUIC's failure to pay an agreed share of those invoices during the underlying litigation.  AKH blamed this "lock out" for failures to update the privilege log or otherwise provide information from that database. AKH claimed this lack of access caused by the dispute with DTI placed the information out of its "control" for the purpose of discovery.  On August 4, 2015, Judge Gale granted UUIC's second motion to compel and again ordered AKH to provide an index of documents contained on the DTI database, and to provide an updated privilege log, but reserved ruling on the motion for

sanctions pending AKH's compliance with the new Order; Judge Gale ordered compliance by September 3, 2015.

On September 3, 2015, AKH filed a motion to extend by thirty days the period to comply with the August 4 Order.  In that motion, AKH reported that it had produced two (2) indexes generated by DTI which outline the documents contained in its database and multiple, but not all, documents related to the consultant.  AKH stated that it required additional time to comply with the Order requiring production of a master privilege log, which required an additional index from DTI.  AKH contended that DTI had refused to provide that index because of an ongoing fee dispute, but that AKH had issued a subpoena to obtain the "DTI list."  On September 4, 2015, AKH also filed a "Notice of Production and Status of Compliance with the Court's Memorandum and Order (Doc. 304)."  This document repeated the claims concerning the fee dispute between AKH and DTI as well as the related dispute between AKH and UUIC. Judge Gale granted the motion for extension of time until October 5, 2015.  On October 6, 2015, Plaintiff filed a "Notice of DTI's Response to Subpoenas," attaching copies of the two subpoenas served on DTI by AKH and DTI's response to the subpoenas.  Judge Gale found that " the responses by DTI are little more than non-responsive computer-code gobbledygook."  He also noted no indication in the record that AKH had made any effort to enforce the subpoenas against DTI.

UUIC filed the pending motion for sanctions on October 9, 2015, arguing that AKH had still not produced the items the court ordered produced in August 2015, except for a few documents related to the consultant.  AKH responded, continuing to assert that because of the fee dispute, DTI would not produce the documents, or an index of the documents, and therefore the

sought-after information was not in its possession, custody or control within the meaning of Fed. R. Civ. P. 34(a)(1).

Judge Gale ruled that AKH has possession, custody, or control over whether DTI produced the documents at issue under Rule 34.  Because AKH failed to produce the documents after repeated orders to do so, Judge Gale found that sanctions should be applied under Fed. R. Civ. P. 37(b)(2).  The court assessed the following sanctions:

> 1. Plaintiff is assessed attorney fees for Defendant's litigation of this matter, beginning from the drafting of the first motion to compel (Doc. 269) through the present motion. The Court orders the use of the procedure in D. Kan. Rule 54.2 to resolve the amount of this award.

> 2. The Court recommends to the District Judge the use of the following or a like instruction at trial, and the use of this presumption during consideration of dispositive motions:

> "The Defendant requested the production of documents relevant to the issues in this case which Plaintiff has placed in the custody of a third party.  In violation of this Court's rules and Orders, Plaintiff wilfully refused to disclose those documents. You are instructed to assume that those documents, if produced, would have been favorable to Defendant's claims in this case and adverse to Plaintiff's claims."

> 3. The Court also orders that as to any documents in the possession DTI to which any privilege could be asserted, except for documents clearly identified in the privilege log ordered below, such privilege is waived.[1]

## II.   Discussion

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is

---
[1]Doc. 375 at 14–15.

"clearly erroneous or contrary to the law."[2]  With regard to factual matters, the Court must affirm unless "the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[3]  As to legal matters, "the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law."[4]  "Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard."[5]

AKH raises a single objection to Judge Gale's January 29 Order: under the Kansas Supreme Court decision *Williams v. Consolidated Investors*,[6] the documents held by DTI are not in the possession, custody, or control of AKH.   The Court overrules and denies this objection for several reasons.  First, although *Williams* construed the Kansas corollary to Fed. R. Civ. P. 37, it did not construe the issue of control under the *federal* rule that applies in this case.[7]  For this reason alone, the Court could not conclude that Judge Gale applied an incorrect standard to the requests for production in this case.

Second, under the applicable law, Judge Gale's decision that the DTI documents are controlled by AKH is not clearly erroneous.  Rule 34(a) allows a party to request production of documents that are "in the possession, custody, or control" of the adverse party.  "[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the

---

[2]*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[3]*In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (quoting *Ocelot Oil*, 847 F.2d at 1464).

[4]*Id.*

[5]*Id.*

[6]472 P.2d 248, 252 (Kan. 1970).

[7]*See, e.g.*, *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539–40 (10th Cir. 1996) (discussing *Erie* doctrine).

documents."[8]  The party seeking production bears the burden of proving that the adverse party

has the requisite control under Rule 34(a).[9]  When the discovery is in the hands of a party other

than the party to whom the request is sent, it may be difficult to meet this standard.[10]

> However, "it is not unusual for documents in the possession of a third party,
> closely connected to the litigation, to be subject to a Rule 34 request." Absent
> such expanded scope of production, a third party with a substantial interest in the
> litigation may be allowed to frustrate the rules of discovery to the disadvantage of
> the party seeking production and, ultimately, of the court. The purposes of
> discovery in the federal courts are to "disclose the real points of dispute between
> the parties and to afford an adequate factual basis in preparation for trial."  To
> further these purposes, the federal courts accord a "broad and liberal treatment" to
> the rules of discovery.[11]

Judge Gale determined UUIC proved control in this case where it was undisputed that

AKH had voluntarily provided the documents at issue to DTI, and that AKH has elected not to

pay DTI over the disputed invoices in order to comply with his orders.  Judge Gale further found

that there was no showing of complicit fault with UUIC given that it was not under contract with

DTI and that any amount possibly owed by UUIC under a cost sharing arrangement made in the

prior litigation is minor compared to the overall balance due.[12]  The Court finds no clear error

with these findings.  Under the applicable standard, AKH has the right to obtain the documents,

yet has made the deliberate decision not to pay the disputed invoices.  AKH also has the ability

---

[8]*See, e.g.*, *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) (quoting *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992)); *see also Internationale v. Rogers*, 357 U.S. 197, 206 (1958); *Ice Corp. v. Hamilton-Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007).

[9]*See, e.g.*, *Super* Film, 219 F.R.D. at  653.

[10]*Id.*

[11]*Id.* at 653–54 (quoting  *Compagnie Française d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 33 (S.D.N.Y.1984); *Alimenta v. Anheuser–Busch Cos.*, 99 F.R.D. 309, 312 (N.D.Ga.1983)) (footnotes omitted).

[12]UUIC contends that it owes nothing to DTI, a claim that is one of the many issues to be decided on the merits.  Like Judge Gale, the Court makes no finding on this issue. Judge Gale found that the total due from the unpaid invoices to DTI was approximately $113,000, and found unrebutted UUIC's contention that at most it owed $14,000 of this unpaid balance; the bulk of the balance is solely attributable to AKH and was accrued during the instant litigation.  AKH does not challenge this finding.

to influence DTI by simply resolving the invoice dispute.[13]  The Court agrees with Judge Gale's observation that a contrary ruling would encourage parties to "strategically submit relevant documents to a third party vendor and then use a 'dispute' with said vendor to keep the documents out of the hands of the opposition."[14]  Moreover, the Court notes that the parties reached an agreement back in September 2014 (more than eighteen months ago) to provide a detailed *index* of the documents in DTI's possession.  AKH's failure to produce the index and a privilege log is at issue here, not necessarily the underlying documents.

Finally, even if *Williams* controlled this question, the Court finds it distinguishable.  There, the court found no control where the party's former attorney held the documents subject to an attorney's lien.  The attorney and client were involved in separate litigation in a different jurisdiction.[15]  Moreover, the sanction at issue in *Williams* was a default judgment, which the court described as "the most severe sanction which the court may apply," and requires a finding that "a party has acted in willful and deliberate disregard of reasonable and necessary orders of the court."[16]  This case does not involve an attorney's lien, there is no pending litigation between DTI and AKH, and the Court is not considering dismissal of the case as a sanction.

For all of these reasons, the Court finds that Judge Gale's ruling that sanctions should be imposed due to AKH's failure to produce the requested index and privilege log of documents in the physical possession of DTI was not contrary to law.  As such, AKH's objection is overruled and denied.

---

[13]*See Ice Corp.*, 245 F.R.D. at 521.

[14]Doc. 375 at 13 n.1.

[15]*Williams*, 472 P.2d at 252–53.

[16]*Id.* at 252.

**IV.     Order Adopting Judge Gale's Report and Recommendation**

AKH's written objection was confined to Judge Gale's determination that the DTI documents were in the custody and control of AKH for purposes of Rule 34—a nondispositive ruling governed by Fed. R. Civ. P. 72(a).  AKH did not separately challenge the Report and Recommendation that the Court give an adverse inference instruction at trial as a sanction. Fourteen days having passed, and no written objections being filed to that recommendation, pursuant to Fed. R. Civ. P. 72(b), and upon *de novo* review, the Court accepts the recommended sanction and adopts it as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that AKH's Objection to Order and Report and Recommendation on Renewed Motion for Sanctions (Doc. 379) is **overruled and denied**.

**IT IS FURTHER ORDERED** Defendant's Renewed Motion for Sanctions (Doc. 331) is **granted** in accordance with Judge Gale's January 29, 2016 Report & Recommendation (Doc. 375).

**IT IS SO ORDERED.**

Dated: April 11, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
