# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) <br> ) <br>    Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL UNDERWRITERS ) <br> INSURANCE COMPANY, ) <br> ) <br>    Defendant/Counter-Claimant. ) <br> _____ ) | Case No. 13-2003-JAR-KGG |

## ORDER ON MOTION TO COMPEL

Now before the Court is Defendant's "Motion to Compel Fed.R.Civ.P. 30(b)(6) Deposition and Documents." (Doc. 422.) Having reviewed the submissions of the parties and the attachments thereto, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## BACKGROUND

The factual background of this case has been summarized *ad nauseam* in the context of the voluminous number of discovery motions filed in this case. The Court will incorporate by reference the summary contained in its most recent Order. (*See* Doc. 429, at 1-2, 8-9.)

In the present motion, Defendant moves the Court for an Order compelling Plaintiff to designate deponents to testify regarding certain subjects contained in a

30(b)(6) notice served by Defendant. (Doc. 423-1.) The parties have engaged in various "meet & confer" sessions, which have been somewhat successful.[1] According to Defendant, however, as of the filing of the motion, Plaintiff had yet to agree to designate a witness regarding the following categories:

> (1) the subject matter of the crime-fraud documents produced by AKH and third parties in this litigation, including those documents that Universal only received after the previous depositions of Hratch Andonian and Michael Schaeper, and (2) the support and basis for AKH's responses to written discovery served by Universal.

(Doc. 423, at 2.) Defendant argues that these topics "go to the heart" of the parties' claims and defenses and that this information "cannot be obtained from any other source or by any other method." (*Id.*)

Additionally, Defendant requests an Order as to a subpoena served on Plaintiff's former president, Michael Schaeper, relating to post-employment payments he has received from Plaintiff. Plaintiff initially refused to provide the

---

[1] The parties spend a fair amount of their memoranda arguing as to the sufficiency of the "meet & confer" sessions and/or whether the present motion was filed prematurely. The Court notes, however, that the parties have engaged in various communication regarding most, if not all, of the disputes presented. Given the contentious history of this case, the Court finds that the underlying issues will need to be resolved regardless. For the sake of judicial economy, the Court will not expend additional effort to determine whether more time should have been provided to see if the parties' efforts at conferring could conceivably bear more fruit. This does not, however, absolve the parties from executing their duties to "meet & confer" as this case goes forward.

information on the basis of "privacy," but now argues that the information is irrelevant because Schaeper is not an expert and his potential bias is a "non-issue." (Doc. 426, at 6.)

## DISCUSSION

### A. Standards for Discovery.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

### B. Crime-Fraud Documents.

The 30(b)(6) deposition notice at issue enumerates the relevant subject matters as to which a corporate representative of Plaintiff is to testify. (*See* Doc. 423-1.) Included in that list is category 11, seeking testimony on "[t]he subject matter of any document produced by AKH, Gauntlett, or Paul Hastings pursuant to Orders from the Court in this Litigation regarding the crime-fraud exception to the

3

attorney-client privilege and/or work product doctrine." (*Id*., at 12.)

Plaintiff contends that, upon reviewing material from Gauntlett, it "will designate an appropriate witness or witnesses to be deposed" regarding the Gauntlett crime-fraud documents. (Doc. 426, at 4-5.) Defendant argues that Plaintiff "could have easily provided [this concession] during the weeks of the parties' meet and confer sessions but chose not to . . . ." (Doc. 428, at 5.) Defendant also argues that Plaintiff's concession is "only partially compliant" in that Defendant "seeks testimony . . . regarding not only the Gauntlett crime-fraud documents, but also those produced by [Plaintiff] and any from Paul Hastings' possession that may be ordered to be produced by this or another Court pursuant to the pending motions." (*Id*.)

The Court finds Defendant's demand to be unreasonable. The Court will not order Plaintiff to provide a witness who can testify as to documents "that may be ordered to be produced by this or another Court" as a result of "pending motions." Plaintiff is, however, ordered to provide a witness as to any such crime-fraud documents that have been produced and/or have been ordered to be produced. To the extent additional documents of this kind are produced in the future, the Court anticipates that Plaintiff will be required to designate a corresponding witness. The Court is not, however, prepared to issue an Order relating to documents that may

be produced as a result of pending motions before this or another Court.

Defendant's motion is thus **GRANTED in part** and **DENIED in part**.

## C.     Requested Deponent Regarding Plaintiff's Discovery Responses.

Also at issue is category 22 of the 30(b)(6) deposition notice, which requests a corporate representative who can testify as to "[t]he support and basis for [Plaintiff's] responses to discovery served in this litigation."  (Doc. 423-1, at 13.) Defendant argues that a deponent on this subject is necessary because Plaintiff "has offered sweeping conclusory interrogatory responses as well as responses to Requests for Admission that are inconsistent with or unsupported by other evidence."  (Doc. 423, at 9.)  Plaintiff contends that it "did not refuse to designate" such a witness but instead "did ask for clarification, some limitations and identifications of topics within that category so an appropriate witness could be designated."  (Doc. 426, at 5.)

The Court finds Plaintiff's request for clarification to be justified.  Despite the litany of issues that have resulted from Plaintiff's continuing attempts to obfuscate the discovery process, the Court anticipates that there were a large number of discovery responses from Plaintiff that were straightforward and/or do not need to be dissected via deposition testimony.  Because AKH is a corporation, it is also quite likely that different individuals were consulted regarding different

discovery requests. It would be both unnecessary and unduly burdensome for Plaintiff to review each and every discovery request and identify the appropriate individual(s) who can testify as to the facts that support each and every discovery request.

As such, the Court orders Defendant to provide Plaintiff with a list of specific discovery requests as to which it seeks deposition testimony. Defendant is encouraged to make this list as concise as possible. Thereafter, Plaintiff is ordered to identify witness(es) who can testify as to the facts supporting the specific discovery requests listed. The parties are encouraged to cooperate in this regard and resolve this list without further intervention from the Court. Defendant's motion is thus **GRANTED in part** and **DENIED in part** as to category 22 of the 30(b)(6) deposition notice.

### D.     Subpoena to Michael Schaeper.

Michael Schaeper is Plaintiff's former president. He testified that he left Plaintiff's employment in December 2013 and retired. (*See* Doc. 423, at 5.) He has since, however, been retained by Plaintiff in some capacity as a consultant relating, at least in part, to the current litigation. Defendant subpoenaed Schaeper requesting, in part, that he provide all documents relating to his "post-employment and/or consulting relationship" with Plaintiff as well as all documents relating to

6

"payments made by [Plaintiff] to [him] after [his] employment with or during" the pendency of this "consulting relationship." (Doc. 423-8, at 10.)

Schaeper objects on the basis that "he is not an expert, his [sic] is not giving expert testimony in this case, and the bias issue is a non-issue." (Doc. 426, at 6.) He also objects "on the grounds that the fees he was paid as a consultant or for the time spent preparing for and at his depositions have no relevance to the underlying issues in this case and good cause does not exist for disclosing the terms of Mr. Schaeper's consulting agreement or the payments made to him by [Plaintiff] for his services, which were not related to the RT matter."[2] (*Id*.) Defendant replies that

> Mr. Schaeper is not an employee of AKH; he is a former employee who was then paid as a 'consultant' to provide his testimony. He received payments from AKH to make decisions regarding document production (which, in light of this Court's Orders on AKH's discovery misconduct, is highly relevant) and to provide testimony in this case on behalf of AKH. Mr. Schaeper also conceded that he made personal loans to other AKH officers in order to meet company financial obligations.

(Doc. 428, at 11.)

The Court acknowledges the unusual relationship between Plaintiff and

---

[2] Plaintiff's counsel also objected on the basis of "privacy" in correspondence to defense counsel. That argument does not appear to be raised in Plaintiff's response to the present motion. To the extent it arguably could be encompassed by the arguments raised in Plaintiff's response, the Court states that private does not equate to confidential. Any privacy issues can be addressed in the context of the Protective Ordered entered in this case.

Schaeper. Schaeper ended his employment with Plaintiff. He testified that he had retired. It then comes to light that Schaeper is receiving compensation from Plaintiff as a result of post-employment "consulting work" he is doing on this very litigation. His credibility as a witness is at issue. The Court finds the requested information to be both relevant and discoverable. Defendant's motion is **GRANTED** in this regard.

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Compel Discovery and For Sanctions" (Doc. 422) is **GRANTED in part** and **DENIED in part** as more fully set forth herein. Plaintiff shall comply with the mandates herein within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2016.

s/ Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge