IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AKH COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-2003-JAR-KGG |
| v. ) | |
| ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| _____ ) | |

## ORDER ON *IN CAMERA* INSPECTION

Currently before the Court is Defendant's Motion to Compel and Non-Party Paul Hastings LLP's Cross-Motion to Quash and the joint stipulation is support thereof. (Doc. 434, 435.) For the reasons set forth below, the Court **GRANTS in part** Defendant's motion and **DENIES** the cross-motion filed by non-party Paul Hastings. The Court compels non-party Paul Hastings to produce certain documents as enumerated below.

## BACKGROUND

This motion was originally filed in the United States District Court for the Central District of California, wherein Defendant sought an Order compelling third party law firm Paul Hastings (hereinafter "Paul Hastings") to produce more than 100 privileged or protected documents enumerated in Paul Hastings' privilege log

for an *in camera* inspection by the Court to determine whether they provide evidence of fraud committed by Plaintiff. Defendant also requested that the motion be transferred to the District of Kansas, where the underlying (and above-captioned) lawsuit is pending. Paul Hastings argued against transfer and contended that the subpoena should be quashed because it sought documents protected by the attorney work product doctrine. (Doc. 435.)

The Central District of California "determined that it was necessary to review the documents in camera to determine whether they qualified for protection." (Doc. 446, at 1.) That Court ultimately determined that the District of Kansas and the undersigned Magistrate Judge were "best suited to conduct the [requested] document review" as "'[h]e had been overseeing the discovery in [this] case since February 2013." (Doc. 446, at 1.) Further, the undersigned Magistrate Judge has previously reviewed thousands of pages – and has ordered the production of hundreds of pages – of otherwise privileged or protected documents in this case on the basis of the crime-fraud exception, the same issue on which the present motion hinges. (*See e.g.*, Docs. 158, 198, 215, 300, 339.)

The Central District of California thus transferred the motion (Doc. 435) to the undersigned Magistrate Judge for the *in camera* inspection. (Doc. 446.) The undersigned Magistrate Judge has since reviewed, *in camera*, the documents the Central District of California ordered to be produced by third-party law firm Paul

Hastings LLP, consisting mainly of copies of e-mail communications, as well as correspondence, drafts of documents, etc. As with the prior *in camera* inspections in this case, the Court reviewed the documents for evidence of an intent by Plaintiff and/or those acting on its behalf to conceal material elements of the negotiations or settlement from Defendant.

## ANALYSIS

In prior Orders issued by the Court in this matter, the undersigned Magistrate Judge has held that the facts presented by Defendant, "taken as a whole, establish a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege – false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'" (*See* Doc. 158, at 42-43 *(quoting* **DuShane v. Union Nat. Bank**, 223 Kan. 775, 759, 576 P.2d 674, 678 (1978)).

The Court previously mandated parameters for an *in camera* inspection of certain documents from Plaintiff, ordering to provide to the Court all communications between itself and counsel (whether coverage counsel or litigating counsel) that were withheld on the basis of the attorney-client privilege or work product doctrine that occurred from the completion of the unsuccessful mediation in September 2012 until Defendant received the final draft of the settlement

agreement with RT in December 2012.  (*See* Docs. 158, 215.)

The same parameters were used by the Court in regard to documents requested by subpoena from another third party law firm, Gauntlett & Associates. (*See* Docs. 300 and 339 (Order on Third Party Motion to Reconsider Order on Defendant's Motion to Compel).)  Gauntlett had previously represented Plaintiff in this case.[1]  As discussed herein, the Court finds these Orders (Docs. 300, 339) to be particularly instructive.

In the present motion, Paul Hastings contends that there is no crime-fraud exception to the work product doctrine under California law.  (Doc. 435, at 27.) Rather, it contends that the exception applies only to the attorney-client privilege. According to Paul Hastings, work product documents belong to the attorney exclusively, not the client.  According to Paul Hastings, however, federal law also does not mandate production of any of the documents at issue as Defendant has failed to establish application of the crime-fraud exception "because Paul Hastings was not involved in any fraudulent conduct." (Doc. 435, at 27.)  The Court does not find Paul Hastings' arguments to be persuasive for two reasons.

First, the undersigned Magistrate Judge previously ruled in the present case that

> [u]nlike the attorney-client privilege, which belongs to

---

[1] Gauntlett withdrew as counsel for Plaintiff on March 20, 2014.  (Doc. 125.)

> the client, '[t]he work-product privilege belongs to both the attorney and the client.' ***Lopes v. Vieira***, 719 F.Supp.2d 1199, 1201 (E.D. Calif. 2010) (citing (***In re Special September 1978 Grand Jury (II)***, 640 F.2d 49, 62 (7th Cir.1980)); *see also* ***In re Vargas***, 723 F.2d 1461, 1466 (10th Cir. 1983) (holding that the work product doctrine is personal to the attorney).

(Doc. 339, at 18-19.)  Second, a review of the documents at issue identifies additional document(s) that provide evidence of a *prima facie* case of fraud and that, at a minimum, Paul Hastings was aware of said fraudulent activity.[2]

The Court finds these documents, enumerated below, to be relevant to Defendant's theory and, therefore, discoverable:

> Doc. 2271
> Doc. 2276
> Doc. 2277
> Doc. 2278
> Doc. 2372
> Doc. 2374
> Doc. 2376

The documents shall be provided to Defendant, at the office of defense counsel, **within 2 weeks of the date of this Order**.  All of these documents are to be produced as "Confidential" under the existing Protective Order.

Additional documents reviewed *in camera* may be relevant to Plaintiff's defense of Defendant's theory.  The Court will not, however, hold the privilege

---

[2] The documents at issue do not, *per se*, establish fraud.  Rather, standing alone and unrebutted, they would create a *prima facie* case of fraud.

waived as to such documents.  Plaintiff has previously been instructed that in the event it intends to use such documents as evidence, it must produce the same.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **GRANTED in part** as more fully set forth above and the Cross-Motion to Quash of Non-Party Paul Hastings LLP is **DENIED**.  (Doc. 434.)  The above enumerated documents are to be produced forthwith.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 22nd day of December, 2016.

                                  S/ KENNETH G. GALE
                                  KENNETH G. GALE
                                  United States Magistrate Judge