## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AKH COMPANY, INC.,**

    **Plaintiff,**

    v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY,**

    **Defendant.**

Case No. 13-2003-JAR-KGG

## MEMORANDUM AND ORDER

This is an insurance coverage dispute filed by AKH Company, Inc. ("AKH") against its insurance carrier, Universal Underwriters Insurance Company ("UUIC"), arising out of a trademark infringement action by and against AKH that UUIC defended and settled under a reservation of rights. As part of the protracted discovery in this case, UUIC filed a motion to compel production of documents from third-party law firm Paul Hastings LLP, which represented AKH during a portion of the underlying trademark case, in the United States District Court for the Central District of California. That court determined Magistrate Judge Gale should conduct an *in camera* review of certain documents listed on Paul Hastings' privilege log to determine whether they are protected attorney work product. Judge Gale reviewed over 100 documents and ordered seven discoverable. Before the Court is Paul Hastings' Motion to Review Magistrate Judge Gale's December 22, 2016 Order on *In Camera* Inspection (Doc. 458). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants Paul Hastings' motion to review. With the benefit of the parties' briefs on the motion for review, and the transcript of Magistrate Judge Walsh's hearing on the decision to transfer the *in camera* review to Judge Gale, Judge Gale should determine whether the seven

documents he ordered discoverable are subject to absolute work product protection under California law.

I.      **Procedural Background**

The procedural history of this motion is key to understanding the Court's ruling.  Judge Gale has presided over approximately three years of contentious discovery litigation in this matter, reviewing thousands documents.  Having determined that the crime-fraud exception to the attorney-client privilege applies in this case, Judge Gale reviewed documents AKH withheld and determined that hundreds are discoverable because "standing alone and unrebutted they would create a *prima facie* case of fraud."[1]  Judge Gale recently ordered Paul Hastings to produce several documents under the crime-fraud exception to the attorney-client privilege.[2]

The present dispute concerns decisions by two different United States Magistrate Judges in the United States District Court for the Central District of California.  UUIC served a document subpoena on third-party Paul Hastings in connection with this case; Paul Hastings moved to quash and UUIC moved to compel.  Paul Hastings identified 123 documents that it insisted were internal communications between its attorneys regarding the underlying trademark settlement, and argued that they enjoy absolute protection under the work product doctrine under California law.  On July 29, 2016, Magistrate Judge Alka Sagar conducted a telephonic hearing on the parties' motions and subsequently entered a Minute Order.[3]  Judge Sagar acknowledged in the Minute Order that UUIC's position that the documents at issue are subject to disclosure under Judge Gale's previous findings in this case that the crime-fraud exception applies, and that Paul Hastings should be required to submit the documents to Judge Gale for review.

---

[1] Doc. 215 at 2 n.1; *see also* Docs. 158, 198, 300, 339.
[2] Doc. 431.
[3] Doc. 442.

Judge Sagar recited California law on the issue of the work product doctrine, explaining the difference between an absolute and qualified work product privilege.[4] Judge Sagar disagreed with UUIC's argument that if there is an absolute work product privilege, it belongs jointly to AKH and Paul Hastings.[5] She stated: "Disclosure of material which qualifies as absolute work product cannot be compelled, even to the client."[6] Judge Sagar ordered Paul Hastings to produce to her for *in camera* review the 123 documents at issue "to determine whether these records qualify for protection as absolute work product under California law."[7]

After this Order was filed, the case was apparently transferred to another magistrate judge who had been assigned to an earlier non-party subpoena motion related to this case. Because that judge had previously worked for the Paul Hastings firm, he recused himself from reviewing the *in camera* submission ordered by Judge Sagar, and the case was again reassigned, this time to Chief Magistrate Judge Patrick Walsh.[8] Judge Walsh conducted a telephonic hearing on September 22, 2016, and subsequently entered a Minute Order. In the Minute Order, Judge Walsh explained that upon review of the file, he determined that Judge Gale was in the best position to review the documents at issue, particularly considering that Judge Gale's earlier *in camera* review in this case included hundreds of documents from the Paul Hastings firm.[9] Judge Walsh stated in his Minute Order that he called and spoke to Judge Gale about the *in camera review* and that they agreed that Judge Gale was in the best position to conduct the review.[10]

---

[4]Doc. 442 at 2 (citing Cal. Civ. P. § 2018; *State Farm Fire & Cas. Co. v. Superior Court*, 54 Cal. App. 4th 625, 649–50 (1977)).

[5]*Id.* at 3.

[6]*Id.* (citing *Lasky, Haas, Cohler & Munter v. Superior Court*, 172 Cal. App. 3d 264, 279 (1985)).

[7]*Id.*

[8]Doc. 446 at 1.

[9]*Id.* at 1–2.

[10]*Id.* at 2.

On October 5, 2016, several documents filed in the Central District of California case were transferred to this Court's docket, including the parties' briefing on the motion to quash and motion to compel, and both Magistrate Judge's Minute Orders.[11] On December 22, 2016, Judge Gale issued a Memorandum and Order granting in part UUIC's motion to compel and Paul Hastings' motion to quash. In his Order, Judge Gale acknowledged Paul Hastings' argument that there is no crime-fraud exception to the work product doctrine under California law, and alternatively, that under federal law, UUIC has not established that the crime-fraud exception should apply to the documents in this case. Judge Gale found these arguments unpersuasive:

> First, the undersigned Magistrate Judge previously ruled in the present case that
>
> > [u]nlike the attorney-client privilege, which belongs to the client, '[t]he work-product privilege belongs to both the attorney and the client.' *Lopes v. Vieira*, 719 F.Supp.2d 1199, 1201 (E.D. Calif. 2010) (citing (*In re Special September 1978 Grand Jury (II)*, 640 F.2d 49, 62 (7th Cir.1980)); see also *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983) (holding that the work product doctrine is personal to the attorney).
>
> (Doc. 339, at 18-19.) Second, a review of the documents at issue identifies additional document(s) that provide evidence of a prima facie case of fraud and that, at a minimum, Paul Hastings was aware of said fraudulent activity.[12]

Judge Gale then ordered Paul Hastings to produce seven documents, finding them "to be relevant to Defendant's theory and, therefore, discoverable."[13]

## II.   Discussion

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more

---

[11] Docs. 434–46.

[12] Doc. 455 at 4–5 (footnote omitted).

[13] *Id.* at 5.

4

deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[14]  "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[15]

Paul Hastings argues that Judge Gale's *in camera* review was contrary to the law of this case because he did not apply Judge Sagar's work product ruling; instead, he applied his own previous orders on the crime-fraud exception.  UUIC responds that: (1) Judge Gale was not required to apply California law; and (2) Judge Gale's Order was consistent with California law because the documents at issue are merely subject to a qualified work product privilege.

The Court is unable to determine from Judge Gale's Order whether he considered Judge Sagar's July 29 Order in ordering the seven documents discoverable.  It is neither cited to nor discussed.  Upon review of Judge Sagar and Judge Walsh's Minute Orders, and the transcript of the parties' hearing before Judge Walsh, it appears that Judge Walsh's transfer of the motion to compel was limited to the *in camera review* set forth in Judge Sagar's July 29 Order: "whether these records qualify for protection as absolute work product under California law."[16]  The thirty-page transcript of Judge Walsh's subsequent hearing makes clear that transfer of the motion was so limited.  Judge Walsh repeatedly assured Paul Hastings' counsel that the choice of law issue would not be litigated before Judge Gale, and that Judge Sagar's Order would govern that question and would speak for itself.[17]  To be clear, this Court is cognizant that Judge Gale

---

[14] *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A);Fed. R. Civ. P. 72(a)).

[15] *U.S. Fire Ins. Co. v. Bunge N.A., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil*, 847 F.2d at 1464).

[16] Doc. 442 at 3.

[17] *See, e.g.*, Doc. 465-1 at 15–16 (explaining to Paul Hastings' counsel "you already have—prevailed on that issue. . . .  We already know what the structure is.  We know what the law is.  We know what's going to happen.");

did not previously have the opportunity to review the transcript from the September 22 hearing in California. The parameters of Judge Walsh's decision to transfer this motion to Judge Gale are much clearer in the hearing transcript than the Minute Order, which largely dealt with a jurisdictional argument not advanced on this motion for review.

While the Court agrees with UUIC that Judge Gale may have rejected Paul Hastings' contention that the subject documents were absolute work product given that he ordered them discoverable, this finding was not explicitly made part of his Order. Upon reconsideration, it may very well be that the result is exactly the same. Nonetheless, the Court grants the motion for review insofar as it seeks clarification that Judge Gale considered Judge Sagar's ruling on work product under California law, and conducted the review contemplated by her July 29 Order (Doc. 442).

**IT IS THEREFORE ORDERED BY THE COURT** that Paul Hastings' Motion to Review Magistrate Judge Gale's December 22, 2016 Order on In Camera Inspection (Doc. 458) is **granted**. Judge Gale shall reconsider his December 22 Order in accordance with this opinion.

**IT IS SO ORDERED.**

Dated: February 23, 2017

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

18 ("I expect based on [my conversation with Judge Gale] that Judge Gale was counting on this Court to rule on California law, which we've done. And then he was going to do the document review based on that ruling. . . . And I will put that on top of the—the 253 documents I believe it is that I'm—that are on my table that I'm going to transfer to Judge Gale."); 22 ("That's the way I understand it, that it would be done pursuant to California law."); 25 (explaining in response to counsel's request to clarify that Judge Sagar's Order would apply to the review, "My understanding from my conversation with Judge Gale—and I don't—we didn't spend a lot of time on this because I think we both understood that was what was going to happen is he believed and I believed that the decision in the first instance, whether California law applied and what the interpretation of that was was going to be done here in Los Angeles, which was done. And the document review itself would be done by him."); 27 ("I'm going to send Judge Sagar's Order to Judge Gale. And it will be on top of the pile. And what Judge Sagar's Order says is what Judge Sagar's Order says. I'm not going to interpret it now at the end of this hearing.").