# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC., )
                                      )
       Plaintiff/Counter-Defendant, )
                                      )
v. )   Case No. 13-2003-JAR-KGG
                                      )
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, )
                                      )
       Defendant/Counter-Claimant. )
_____ )

## MEMORANDUM & ORDER DENYING DEFENDANT'S MOTION
## TO AMEND COUNTERCLAIM AND ADD PARTIES

Before the Court is Defendant Universal Insurance Company's Motion for Leave to Amend its Counterclaim (Doc. 480). Because Defendant is seeking to add additional parties solely to provide additional sources to execute its potential judgement, the motion is **DENIED**.

The history of this now-epic litigation has been recounted numerous times. Now almost five-years old, this action was filed in 2013 as a declaratory judgment by the Plaintiff-insured requesting a finding that it does not owe its Defendant-insurer a reimbursement of approximately $5 million paid in a litigation settlement in California. Defendant's counter-claim requests judgment against Plaintiff and has, through the course of discovery, development a number of contract and tort theories for additional damages.

The amount of money at stake in the case is substantial. The case has been unusually contentions, even for a dispute of this financial magnitude. Discovery has been marked by scarce cooperation between the parties and the awarding of sanctions against Plaintiff on more than one occasion.

During the last several months, the deadlines and schedule which would move this case finally to a Pretrial Conference, and then to trial, have been suspended while Defendant attempts to complete discovery into Plaintiff's financial assets for the purpose of supporting its claim for punitive damages. (Doc. 472.) Discovery on the substantive claims is complete.

Defendant alleges in the proposed amended pleading that it discovered that Plaintiff "essentially ceased its operation . . . , instead transferring or selling all of its assets to other corporate entities owned by [Plaintiff's] owners . . . ." (Doc. 481-1, at 75.) Defendant alleges that assets were transferred to the owners of the Plaintiff personally. (*Id*.) Defendant alleges that Plaintiff has been rendered essentially judgment-proof by these transfers.

Because of this development, Defendant has moved to amend its counter claim to add related corporate entities and the individual owners as parties to this litigation for the purpose of adding claims of fraudulent transfer and claims of alter ego against the proposed new parties. Plaintiff opposes the motion, claiming

the amendment would be futile because the Court would have no jurisdiction against the proposed new parties, and because adding new parties at this juncture would unreasonably complicate and delay the litigation. (*See generally* Doc. 487.)

Although Defendant moves to amend pursuant to Fed.R.Civ.P. 15(a), which governs motions to amend before trial, this motion also must be evaluated as a motion add parties under either Fed.R.Civ.P. 19 or 20. Unfortunately, neither party has undertaken this needed analysis. Consequently, Defendant does not argue, and the Court does not find, that adding the new parties is required under Rule 19. This case can proceed to judgment against the existing parties, and adding the additional parties for the purpose of providing a source for execution of the judgment does not make the proposed parties indispensable to that end.

This issue is, therefore, governed by Rule 20, which permits, but does not require, the joinder of new third-party defendants if (A) any right is asserted against them jointly or severally, or in the alternative with respect to or arising out of the same transaction or occurrence; and (B) any question of law or fact common to all defendants will arise in the action. Rules covering joinder are to be construed broadly, and joinder is strongly encouraged. **DIRECTV, Inc. v. Barrett**, 220 F.R.D. 630, (D. Kan. 2004). Adding a party under the permissive joinder provisions of Rule 20, and which meet those requirements, is within the Court's

3

discretion. *Green Const. Co. V. Kansas Power and Light*, 1989 WL 117440, No. 87-2070-S (D. Kan. September 11, 1989) citing *Horton Co. v. International Telephone and Telegraph Corp.*, 85 F.R.D. 369, 371 (W.D. Pa. 1980). The present motion must be evaluated within the parameters of Rule 20.

As a predicate to decision, the Court examines the claims alleged against the third parties in the proposed amended pleading. (Doc. 481-1.) There are two claims propounded.

The first is a claim that assets of Plaintiff were fraudulently transferred to the third parties for the purpose of protecting them from Defendant's claims. (Count XXVI, Doc. 481-1, at 121.) The relief requested (*id.*, at 128) includes the avoidance of the asset transfers and other relief. The avoidance of fraudulent transfers is the classic remedy for this sort of claim, thus making the receiving entity liable for a judgment (if any) obtained against the Plaintiff, at least up to the amount of the fraudulent transfer. Notably, this sort of claim does not make the fraudulent transferee liable for the contract or tort claims *per se*, but allows the equitable attachment of fraudulently transferred assets for the satisfaction of a judgment against the Plaintiff. *See generally* **Fidelity National Title Ins. Co. v. Schroeder**, 179 Cal.App.4th 834, 101 Cal.Rptr.3d 854 (Ct. App. 5th Dist. 2009).

The second claim is a claim under the alter ego doctrine that the third parties

4

and Plaintiff are not separate entitles, thus permitting the Defendant to "pierce the corporate veil." Under California law, the alter ego doctrine is applied when the corporate form is used to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful act or inequitable purpose. ***Tatung Company, Ltd. v. She Tze Hse***, 217 F.Supp. 1138 (C.D. Cal. 2016). The doctrine operates to dissolve the wall shielding a corporate owner from liability for actions of the corporation. *See generally* ***Minton v. Cavaney***, 56 Cal.2d 576, 579, 15 Cal.Rptr. 641, 364 P.2d 473 (1961). However, the claims plead in the proffered amendment are based on alleged inequitable conduct *after* the present claim arose. The Court does not read the proposed pleading as claiming the corporate forms were being improperly utilized during the facts which lead to the claims in this case. Therefore, like the fraudulent conveyance claims, the alter ego doctrine would be used here to reach the assets of the proposed third parties to execute a judgment, not to hold them liable for the Defendant's actions comprising the basis of the Defendant's substantive claims.

The question, then, is whether a fraudulent conveyance or alter-ego claim against a third party asserted for the purpose of reaching assets of the third party to enforce judgment Defendant has not yet obtained, is as to Plaintiff and the third parties, "any right is asserted against them jointly or severally, or in the alternative

with respect to or arising out of the same transaction or occurrence" within the meaning of Rule 20. It is not. The Defendant's substantive claims in this case arising out of the insurance transaction are solely against Plaintiff. The third parties are, at least technically, strangers to those claims and will not share primary liability with Plaintiff, even if the third party assets become vulnerable to the execution of that judgment. The fraudulent conveyance and alter ego claims are separate, and involve separate allegations and factual issues and, like a garnishment or other judgment enforcement action, may be brought as a separate action if and when Defendant obtains judgment against Plaintiff.

Even if the proposed third-party claims could now be brought under Rule 20, the Court would not exercise its discretion to add those parties at this time. Those claims may be brought after judgment in this case. They are contingent on the outcome of the existing claims. Adding the new parties would essentially create a wholly new claim with new issues, with discovery and litigation in a case which has already lasted almost five years and is not yet ready for trial. The new parties would be strangers to the very-substantial litigation and discovery which has already ensued, and not bound by discovery and rulings to date. There is little reason to insert these new parties into the present mix.

The Motion to Amend (Doc. 480) is, therefore, **DENIED**.

Dated this 24th day of October, 2017.

                                           s/ KENNETH G. GALE
                                           Kenneth G. Gale
                                           United States Magistrate Judge