# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC.,      )
      )
      Plaintiff,      )
      )      Case No. 13-2003-JAR-KGG
v.      )
      )
UNIVERSAL UNDERWRITERS      )
INSURANCE COMPANY,      )
      )
      Defendant,      )
_____ )

## ORDER ON REVIEW OF *IN CAMERA* INSPECTION ORDER

Currently before the Court is Defendant's Motion to Compel and Non-Party Paul Hastings LLP's Cross-Motion to Quash and the joint stipulation in support thereof. (Doc. 434, 435.) The District Court granted non-party Paul Hastings' Motion for Review of this Court's prior, underlying Order (Doc. 455) granting in part Defendant's motion and denying Paul Hastings' cross-motion (*see* Docs. 458, 469). The underlying Order compelled non-party Paul Hastings to produce certain documents that the non-party contends are protected as attorney work product. (Doc. 455.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Paul Hastings' Cross Motion to Quash.

## BACKGROUND

This motion was originally filed in the United States District Court for the Central District of California, wherein Defendant sought an Order compelling third party law firm Paul Hastings (hereinafter "Paul Hastings") to produce more than 100 privileged or protected documents enumerated in Paul Hastings' privilege log for an *in camera* inspection by the Court to determine whether they provide evidence of fraud committed by Plaintiff. Defendant also requested that the motion be transferred to the District of Kansas, where the underlying (and above-captioned) lawsuit is pending. Paul Hastings argued against transfer and contended that the subpoena should be quashed because it sought documents protected by the attorney work product doctrine. (Doc. 435.)

The initial Order from the Central District of California was issued by Magistrate Judge Alka Sagar on July 29, 2016. (Doc. 442.) Magistrate Judge Sagar ordered an *in camera* inspection of 123 documents at issue "to determine whether these records qualify for protection as absolute work product under California law." (*Id*., at 3.) Paul Hastings submitted its documents to Judge Sagar for review as contemplated by her Order.

The review was subsequently transferred to Magistrate Judge Jay C. Gandhi of the Central District of California for him to conduct the in camera inspection.

(Doc. 446.)  Judge Gandhi recused himself from conducting the document review because he was a former Paul Hastings partner.  (*Id.*, at 1.)  Thus, the review was transferred again, to Chief Magistrate Judge Patrick J. Walsh of the Central District of California.

Chief Magistrate Judge Walsh held a hearing on September 22, 2016, which resulted in an Order transferring the *in camera* document review to the undersigned Magistrate Judge.  (Doc. 446.)  Magistrate Judge Walsh believed that the District of Kansas and Judge Gale were "best suited to conduct the [requested] document review" as "'[h]e had been overseeing the discovery in [this] case since February 2013."  (*Id.*, at 1.)  Further, the undersigned Magistrate Judge has previously reviewed thousands of pages – and has ordered the production of hundreds of pages – of otherwise privileged or protected documents in this case on the basis of the crime-fraud exception, the same issue on which the present motion hinges. (*See e.g.*, Docs. 158, 198, 215, 300, 339.)  The Central District of California thus transferred the motion (Doc. 435) to the undersigned Magistrate Judge for the *in camera* inspection.[1]  (Doc. 446.)

---

[1]  The undersigned Magistrate Judge notes that he did not have the opportunity to review the transcript of Judge Walsh's September 22 hearing.  The District Court notes that the "parameters" of the transfer "are much clearer in the hearing transcript than [Judge Walsh's] Minute Order, which largely dealt with a jurisdictional argument not advanced on this motion for review."  (Doc. 469, at 6.)

The undersigned Magistrate Judge subsequently reviewed, *in camera*, the documents the Central District of California ordered to be produced by third-party law firm Paul Hastings.  These documents consist mainly of copies of e-mail communications, as well as correspondence, drafts of documents, etc.  As with the prior *in camera* inspections in this case, the Court reviewed the documents for evidence of an intent by Plaintiff and/or those acting on its behalf to conceal material elements of the negotiations or settlement from Defendant.

Thereafter, this Court issued an Order granting in part Defendant's motion to compel reaching two conclusions: 1) that, unlike the attorney-client privilege, "the work-product privilege belongs to both the attorney and the client"; and 2) that the review of the documents at issue provided additional evidence of a *prima facie* case of fraud and that, at a minimum, Paul Hastings was aware of said fraudulent activity.  (*See* Doc. 455, at 4-5, citing ***Lopes v. Vieira***, 719 F.Supp.2d 1199, 1201 (E.D. Calif. 2010) (citing (***In re Special September 1978 Grand Jury (II)***, 640 F.2d 49, 62 (7th Cir.1980)).)  This Court thus ordered the production of seven documents, which were to be produced as "Confidential" under the existing Protective Order.  (Doc. 455, at 5.)

This Order was subsequently appealed to the District Court by third Party Paul Hastings.  (Doc. 458.)  In the motion to review,

> Paul Hastings argues that Judge Gale's in camera review was contrary to the law of this case because he did not apply Judge Sagar's work product ruling; instead, he applied his own previous orders on the crime-fraud exception. [Defendant] responds that: (1) Judge Gale was not required to apply California law; and (2) Judge Gale's Order was consistent with California law because the documents at issue are merely subject to a qualified work product privilege.

(Doc. 469, at 5.)  In granting Paul Hastings' motion for review, the District Court sought "clarification that [the undersigned Magistrate Judge] considered Judge Sagar's ruling on work product under California law, and conducted the review contemplated by her July 29 Order (Doc. 442)."  (See Doc. 469, at 6.)

## ANALYSIS

In prior Orders issued by the Court in this matter, the undersigned Magistrate Judge has held that the facts presented by Defendant, "taken as a whole, establish a *prima facie* case sufficient to invoke the crime-fraud exception to the attorney-client privilege – false representations made by Plaintiff as to a material fact or the suppression of facts which Plaintiff was under a legal or equitable obligation to communicate and 'in respect of which [it] could not be innocently silent . . . .'" (*See* Doc. 158, at 42-43 *(quoting **DuShane v. Union Nat. Bank**, 223 Kan. 775, 759, 576 P.2d 674, 678 (1978)).)  In the underlying motion, Paul Hastings contends that there is no crime-fraud exception to the work product

5

doctrine under California law.  (Doc. 435, at 27.)

Quoting California Code of Civil Procedure § 2018(c), Judge Sagar held that "any writing that reflects 'an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances'" – which is known as the *absolute* work product privilege.  (Doc. 442, at 2.)  Judge Sagar also referred to subsection (b), which states that "[subject to subdivision (c), the work product of any attorney is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice" – known as the *qualified* work product privilege.  (Doc. 442, at 2, quoting California Code of Civil Procedure § 2018(b).)  Stated another way, "[t]he privilege recognizes what is termed an 'absolute' privilege as to writings containing the attorney's impressions, opinions, legal research and theories and recognizes a 'qualified' privilege as to all written materials and oral information not reflecting the attorney's legal thoughts." *Lasky, Haas, Cohler & Munter v. Superior Court*, 172 Cal.App.3d 264, 271 (1985) (citing *Fellows v. Superior Court* (1980) 108 Cal.App.3d 55, 68 (166 Cal.Rptr. 274).)

Judge Sagar disagreed with Defendant's contention that the right to assert absolute work product protection "belongs jointly to AKH and Paul Hastings."  *Id.*

6

She held that "[d]isclosure of material which qualifies as absolute work product cannot be compelled, even to the client."  (Doc. 442, at 3, citing ***Lasky, Haas, Cohler & Munter v. Superior Court***, 172 Cal.App.3d 264, 279 (1985) ("'absolute work' product is 'not subject to discovery under any circumstances.'").)  Judge Sagar then limited her review to whether any of the 123 documents at issue "qualify for protection as absolute work product under California law."  *Id.*

This Court previously found the following documents to be relevant to Defendant's theory and, therefore, discoverable:

> Doc. 2271
> Doc. 2276
> Doc. 2277
> Doc. 2278
> Doc. 2372
> Doc. 2374
> Doc. 2376

(Doc. 455, at 5.)  In the context of the parameters set by the prior Orders of Judge Sagar and Judge Walsh, however, the Court now finds these documents to contain the attorneys' legal thoughts and, thus, to be absolutely protected as attorney work product under California law.  ***Lasky***, 172 Cal.App.3d at 271.

**IT IS THEREFORE ORDERED** that the underlying Cross-Motion to Quash of Non-Party Paul Hastings LLP is **GRANTED**.  (Doc. 434.)

**IT IS SO ORDERED**.

7

Dated at Wichita, Kansas, on this 18th day of December, 2017.

s/ KENNETH G. GALE
_____
KENNETH G. GALE
United States Magistrate Judge