# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKH COMPANY, INC.,

    Plaintiff,

v.

UNIVERSAL UNDERWRITERS INSURANCE CO.,

    Defendant,

and

UNIVERSAL UNDERWRITERS INSURANCE CO.,

    Counter-Claimant

v.

AKH COMPANY, INC., ANDONIAN ENTERPRISES, INC., 55, INC., TIRENETWORK GROUP, INC., TRADE CO, LLC, ANDY ANDONIAN, AND HRATCH ANDONIAN,

    Counter-Defendants.

Case No. 13-2003-JAR -KGG

## MEMORANDUM AND ORDER

Before the Court is Defendant/Counter-Claimant Universal Underwriters Insurance Co.'s ("UUIC") Motion for Leave to File Documents Under Seal (Doc. 698). UUIC seeks to file an unredacted Application for Expert and Attorneys' Fees, an unredacted Memorandum in Support, and all exhibits in support of the application under seal. The motion for leave asserts that the

documents "refer to confidential business information and information protected by the attorney-client privilege and work product doctrine."[1]

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[2] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[3] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[4] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[5]

In a March 19, 2019 Memorandum and Order,[6] the Court awarded UUIC reasonable expert and attorneys' fees as a sanction for discovery misconduct by AKH Company, Inc. ("AKH"), and directed UUIC to submit to the Court an application for expert and attorneys' fees by no later than April 29, 2019. The Court further directed the parties to follow the procedure in D. Kan. Rule 54.2, which includes a consultation requirement. Proposed sealed Exhibits A through D are correspondence between attorneys for UUIC and AKH regarding UUIC's fee request, in furtherance of the consultation requirement. Exhibit E is an affidavit by UUIC counsel Alanna G. Clair, itemizing the time and rates for UUIC's attorneys who worked on the motion for sanctions, and providing supporting information for UUIC's request for expert fees.

---

[1] Doc. 698 at 1–2.

[2] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[4] *Id.*; *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016).

[5] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[6] Doc. 628.

The party seeking an award of attorneys' fees has the burden of proving both the number of hours spent and reasonableness of the hourly rates.[7] In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."[8]

UUIC seeks to redact from its public filings even the total amount of fees sought. But the amount sought and supporting records are essential to UUIC's request for relief from this Court, a request for which it carries the burden of proof. Therefore, the public has a strong interest in being able to review these documents in conjunction with this Court's decision on the fee award. This is particularly true given UUIC's conclusory assertion of privilege over documents that have already been shared with opposing counsel. To the extent UUIC seeks to protect this information because it includes "confidential business information," there is insufficient information in the motion or attached documents for the Court to conclude that this basis for sealing applies.

Additionally, the Court notes that while billing records are sometimes properly filed under seal when submitted in support of a fee request, not all information about attorneys' hours and rates are typically filed under seal in this Court's experience; it is certainly not standard that the amount of the fee request is nonpublic. Such a practice would require that the Court's fee awards, and judgments that include fee awards, be filed under seal, insulating them from review. UUIC has not met its burden of demonstrating that its interest in the confidentiality of the amount of its fee request or in the supporting documentation attached to its motion outweighs the

---

[7] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000).

[8] *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

presumption in favor of public access. Accordingly, UUIC's motion for leave to file under seal is denied and the Court directs it to file amended unredacted moving papers.

**IT IS THEREFORE ORDERED BY THE COURT** UUIC's Motion for Leave to File Documents Under Seal (Doc. 698) is **denied**. UUIC shall file amended unredacted versions of their application for fees and memorandum in support.

**IT IS SO ORDERED.**

Dated: May 1, 2019

               s/ Julie A. Robinson
               JULIE A. ROBINSON
               CHIEF UNITED STATES DISTRICT JUDGE